```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
SECURITIES AND EXCHANGE                                    :
COMMISSION,                                                :
                                                           :
                              Plaintiff,                   :   23-CV-10210 (VSB)
                                                           :
               - against -                                 :   OPINION & ORDER
                                                           :
                                                           :
NADIM AHMED, et al.,                                       :
                                                           :
                              Defendants.                  :
                                                           :
-----------------------------------------------------------X
```

Appearances:

Chevon Walker
Ariel Atlas
Antonia Marie Apps
New York, NY
*Counsel for Plaintiff*

Gayle Elise Pollack
Jason P. Gottlieb
Morrison Cohen, LLP
New York, NY
*Counsel for Defendants Nadim Ahmed; NuRide Transportation Group, LLC; NYC Green Transportation Group, LLC; NYC EV Mobility LLC*

Aaron Fong Jaroff
Molly M. White
McGuireWoods LLP
New York, NY and Los Angeles, CA
*Counsel for Defendants Mehreen Shah; Med Trans EB-5 Fund, LLC; Gravitas NYC Regional Center, LLC; Mona Shah & Associates, PLLC*

Samuel Raymond
United States Attorney's Office
Southern District of New York
New York, NY
*Counsel for Proposed Intervenor United States of America*

VERNON S. BRODERICK, United States District Judge:

In this civil enforcement action brought by the Securities and Exchange Commission ("SEC"), the United States (the "Government") has moved to intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure and to stay all discovery for a period of three months without prejudice to seeking additional discovery stays thereafter.  Defendants do not oppose the Government's motion, and the SEC takes no position.  For the reasons stated below, the Government's motion to intervene and motion to stay discovery is GRANTED.

## I.    Background[1]

### A.    *The Civil Case*

On November 21, 2023, the SEC filed a complaint against Defendants Nadim Ahmed a/k/a Nadim Khan ("Ahmed"), Mehreen Shah a/k/a Mona Shah ("Shah"), as well as numerous companies, including those controlled by Ahmed.  (*See* Civ. Compl.)  The Civil Complaint alleges that through a series of unregistered securities offerings, from approximately June 2014 through November 2022, Defendants raised over $66 million from over 100 investors who sought unconditional permanent residency through the federal EB-5 Immigrant Investor Program ("EB-5 Program").  (*Id*. ¶ 1.)  Ahmed used his company, Defendant NuRide Transportation Group, LLC ("NuRide"), to structure, operate, offer and sell securities in the form of interests in transportation-related companies, including Defendant NYC Green Transportation Group, LLC ("NYC Green").  (*Id*. ¶ 3.)  The Civil Complaint also alleges that between January and March 2018, rather than using an NYC Green investor's money as represented, Ahmed, through NuRide and NYC Green, used the investor's money to pay a portion of a 2018 settlement between

---

[1] The facts described in this section are taken from the complaint filed by the SEC on November 21, 2023, (Doc. 1 ("Civil Complaint" or "Civ. Compl.")), and the criminal complaint filed on January 23, 2023 by the United States Attorney's Office for the Southern District of New York in Case No. 23-MJ-563, (Doc. 45-1 ("Criminal Complaint" or "Cr. Compl.")).  I recite these facts to provide background and make no findings at to their veracity.

2

another of Ahmed's companies and the SEC. (*Id*. ¶¶ 7, 105–122.)

On January 22, 2024, the Defendants filed their respective motions to dismiss the Civil Complaint. (Docs. 28 and 32.) On February 12, 2024, the Government filed the instant motion to intervene and to stay discovery, (Doc. 44), as well as an accompanying memorandum of law attaching the Criminal Complaint as an exhibit, (Doc. 45 ("Gov't Br.")). On March 4, 2024, the SEC filed a memorandum of law in opposition to the two motions to dismiss. (Doc. 48.) On April 1, 2024, the Defendants filed their respective reply briefs. (Docs. 52 and 53.)

### B. *The Criminal Case*

In January 2023, Defendant Ahmed was charged in the Criminal Complaint with one count of interstate transportation of stolen property. The Criminal Complaint alleges that Ahmed engaged in misconduct involving a number of companies that participated in the EB-5 Program. (*See* Gov't Br. 1–2; Cr. Compl. ¶ 3.) Specifically, the Criminal Complaint alleges that as of about March 2017, Ahmed testified under oath that he was the owner and operator of a company Edwin Shaw LLC ("Edwin Shaw"), referred to as "Company-3" in the Criminal Complaint. (*See* Gov't Br. 1–2; Cr. Compl. ¶ 4.) The SEC brought an enforcement action against Edwin Shaw for illegally brokering sales of securities under the EB-5 Program, a case which settled for $544,744.20. (*See* Gov't Br. 1; Cr. Compl. ¶ 5.)

In January 2018, another company Ahmed controlled—NYC Green, referred to as "Company-2" in the Criminal Complaint—raised $510,000 from an investor. (Gov't Br. 1–2; Cr. Compl. ¶ 8.) Contrary to representations made by Ahmed to the investor, Ahmed diverted the funds through a series of bank accounts he controlled, and transferred more than $100,000 of that money to California, where it was used to pay off a portion of Edwin Shaw's debt to the SEC. (*Id*. ¶¶ 7–10.)

## II. Discussion

### A. *Motion to Intervene*

#### 1. Applicable Law

Under Rule 24(a) of the Federal Rules of Civil Procedure, a party may intervene as of right in an action when the applicant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). "In order to intervene under Rule 24(a)(2) an applicant must (1) file timely, (2) demonstrate an interest in the action, (3) show an impairment of that interest arising from an unfavorable disposition, and (4) have an interest not otherwise adequately protected." *United States v. New York*, 820 F.2d 554, 556 (2d Cir. 1987). Rule 24(b) alternatively provides for permissive intervention when a movant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). District courts have "broad discretion" when considering permissive intervention. *AT&T Corp. v. Sprint Corp.*, 407 F.3d 560, 561 (2d Cir. 2005); *H.L. Hayden Co. of N.Y., Inc. v. Siemens Med. Sys., Inc.*, 797 F.2d 85, 89 (2d Cir. 1986) ("The district court's discretion under Rule 24(b)(2) is very broad.").

#### 2. Application

The Government submits that it should be permitted to intervene as of right and, alternatively, because its application satisfies the standard for permissive intervention. (Gov't Br. 4.) I agree. As an initial matter, courts "have allowed the government to intervene in civil actions—especially when the government wishes to do so for the limited purpose of moving to stay discovery." *S.E.C. v. Farnsworth*, No. 22-CV-8226, 2023 WL 8457246, at *1 (S.D.N.Y.

4

Nov. 6, 2023) (quoting *Twenty First Century Corp. v. LaBianca*, 801 F. Supp. 1007, 1009 (E.D.N.Y. 1992), and citing *S.E.C. v. Credit Bancorp.*, 297 F.3d 127, 130 (2d Cir. 2002)). Here, the Government's motion meets the necessary criteria to intervene as of right. The first two factors are met because the motion was timely filed, prior to the commencement of any discovery, and "the government has a discernible interest in intervening in order to prevent discovery in the civil case from being used to circumvent the more limited scope of discovery in the criminal matter." *S.E.C. v. Shkreli*, No. 15-CV-7175, 2016 WL 1122029, at *2 (E.D.N.Y. Mar. 22, 2016) (internal quotation marks omitted). With regard to the third factor, the Government represents that absent a stay, the civil case may "impair and impede the Government's ability to protect its interests in the enforcement of federal criminal law," including its interest in limiting Ahmed's ability to access discovery at an earlier stage than he would otherwise be able to under the Federal Rules of Criminal Procedure. (Gov't Br. 5.) *Cf. Shkreli*, 2016 WL 1122029, at *2 ("[F]urther proceedings in this action could impair the government's interest in limiting the defendants to the discovery available under the Federal Rules of Criminal Procedure."). Finally, the fourth factor is easily met because the parties do not dispute that the Government's interest cannot be otherwise adequately protected.

Alternatively, I find that permissive intervention is warranted because the civil and criminal proceedings involve common questions of law and fact. *See S.E.C. v. Downe*, No. 92-CV-4092, 1993 WL 22126, at *11 (S.D.N.Y. Jan. 26, 1993) ("It is well-established that the United States Attorney may [under Rule 24(b)(2)] intervene in a federal civil action to seek a stay of discovery when there is a parallel criminal proceeding, which is anticipated or already underway, that involves common questions of law or fact." (citing *S.E.C. v. Chestman*, 861 F.2d 49, 50 (2d Cir. 1988))). Accordingly, the Government's application to intervene is granted.

5

### B. *Motion to Stay*

#### 1. Applicable Law

Although "[n]othing in the Constitution forbids contemporaneous civil and criminal proceedings concerning the same subject matter," *Nosik v. Singe*, 40 F.3d 592, 596 (2d Cir. 1994), "a court may decide in its discretion to stay civil proceedings when the interests of justice seem to require such action," *Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986) (cleaned up). "Depending on the particular facts of the case, the court may decide to stay civil proceedings, postpone civil discovery, or impose protective orders." *Morris v. Am. Fed'n of State, Cnty. & Mun. Emps.*, No. 99-CV-5125, 2001 WL 123886, at *2 (S.D.N.Y. Feb. 9, 2001) (citing *S.E.C. v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980)).  In this Circuit, courts assessing requests to stay civil proceedings balance the following six factors:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97 (2d Cir. 2012) (quoting *Trs. of Plumbers & Pipefitters Nat'l Pens. Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995)).  The party seeking the stay bears the burden as to each of these factors. *Id*. "Balancing these factors is a case-by-case determination, with the basic goal being to avoid prejudice." *Volmar Distrib., Inc. v. New York Post Co., Inc.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993).

#### 2. Application

Having considered the relevant factors, I find that a stay of discovery is warranted here. First, there is sufficient overlap between the criminal and civil issues, which is the "most important" factor. *Volmar*, 152 F.R.D. at 39 (internal quotation marks omitted).  Although the

6

Civil Complaint alleges conduct beyond that charged in the Criminal Complaint, both the Civil and Criminal Complaints charge Ahmed with diverting investor funds to pay the 2018 SEC settlement.  This degree of overlap is sufficient to justify a stay of discovery.  *See Hicks v. City of New York*, 268 F. Supp. 2d 238, 241–42 (E.D.N.Y. 2003) (finding sufficient overlap because "although the alleged wrongful conduct in the criminal and civil actions are not identical . . . the findings and outcome of the criminal trial may affect the outcome of the civil case").

The second factor also supports granting a stay here.  Although "the strongest argument for granting a stay is where a party is under criminal indictment," *Shkreli*, 2016 WL 1122029, at *5, when, as here, the Government requests the stay as opposed to the defendant, "courts have granted stays of discovery in order to protect the integrity of pending criminal investigations, even where an indictment has not yet been returned."  *S.E.C. v. One or More Unknown Purchasers of Sec. of Glob. Indus., Ltd.*, 11-CV-6500, 2012 WL 5505738, at *3 (S.D.N.Y. Nov. 9, 2012) (internal quotation marks omitted).

The third, fourth, and fifth factors also favor a stay.  With regard to the interests of the parties, Defendants consent to the stay, and the SEC takes no position.  A stay of discovery will also promote the Court's interest in judicial efficiency because the civil case "is likely to benefit to some extent from the [c]riminal [c]ase no matter its outcome" *id.*, as the criminal case may "resolve issues of fact common to the civil case and may reduce the number of issues to be decided in subsequent proceedings in this case."  *S.E.C. v. Blaszczak*, No. 17-CV-3919, 2018 WL 301091, at *2 (S.D.N.Y. Jan. 3, 2018); *see also S.E.C. v. Contorinis*, No. 09-CV-1043, 2012 WL 512626, at *2 (S.D.N.Y. Feb. 3, 2012) ("Courts in this District have consistently found that a defendant convicted of securities fraud in a criminal proceeding is collaterally estopped from relitigating the underlying facts in a subsequent civil proceeding.").

Finally, the interests of the public also weigh in favor of granting the requested stay. The Government argues that the public has "an important interest in ensuring that civil discovery is not used to circumvent the well-founded restrictions that pertain to criminal discovery," especially those involving witness statements governed by the Jencks Act, 18 U.S.C. § 3500. (Gov't Br. 10). As Courts in this Circuit have routinely recognized, (*see id*. 11–12 (collecting cases)), there is a weighty public interest in "preserving the integrity of criminal proceedings" and their truth-seeking functions, which "can be undermined . . . when discovery proceeds in parallel civil and criminal litigation." *Blaszczak*, 2018 WL 301091, at *3.

Although the Government's motion to stay was made in 2024, to date, neither party has requested a protective order or a postponement of civil discovery. Further, the criminal case remains ongoing. Accordingly, the Government's request for a three-month stay of discovery is granted.

### III. Conclusion

For the foregoing reasons, the Government's motion to intervene and to stay discovery is GRANTED. Discovery in this matter shall be stayed for three months from the date of this Opinion & Order, without prejudice to seeking additional discovery stays thereafter. The Clerk of Court is respectfully directed to terminate the motions pending at Docs. 44 and 45.

SO ORDERED.

Dated: March 31, 2025
      New York, New York

                                     Vernon S. Broderick
                                     United States District Judge