**McGuireWoods**

McGuireWoods LLP
1800 Century Park East
8th Floor
Los Angeles, CA 90067-1501
Phone: 310.315.8200
Fax: 310.315.8210
www.mcguirewoods.com

**Molly White**
Direct: 310.956.3423
mwhite@mcguirewoods.com
Fax: 310.315.8210

July 28, 2025

**By ECF**
Hon. Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:  *SEC v. Ahmed, et al.*, 23 Civ. 10210 (VSB)

Dear Judge Broderick,

Defendants Nadim Ahmed ("Ahmed"), Mehreen Shah ("Shah"), NuRide Transportation Group, LLC ("NuRide"), NYC Green Transportation Group, LLC ("NYC Green"), Med Trans EB-5, LLC ("Med Trans"), NYC EV Mobility LLC ("EV Mobility"), Gravitas NYC Regional Center, LLC ("Gravitas"), and Mona Shah & Associates, PLLC ("MSA Law") (collectively, "Defendants") respectfully submit this status letter and revised proposed case management plan and scheduling order in light of the expiration of the Court's March 31, 2025 Order staying discovery for three months. (DE 56.)[1]  The parties previously filed a joint letter (DE 46), along with a proposed case management plan and scheduling order, on February 12, 2024, pursuant to the Court's January 29, 2024, Order and Notice of Initial Conference (DE 40).  The parties attempted to file a joint letter, but after 5:00pm EDT on July 25, 2025, counsel for the Securities and Exchange Commission ("SEC") informed Defendants that the SEC would not be submitting a joint letter, because it took issue with the substance of Defendants' position, and without waiting for any further response, the SEC unilaterally filed its own status report less than two hours later.

Defendants thus respectfully submit this proposal.  Defendants do not reiterate what the parties stated in their prior joint letter.  (DE 46.)

It is Defendants' position that discovery should be stayed pending the Court's decision on their motions to dismiss, and that submission of a case management plan is premature.  The Defendants do not agree with the SEC's proposed case management plan.  If the Court determines

---

[1]    On February 12, 2024, the United States Attorney's Office for the Southern District of New York ("USAO") moved to intervene and stay discovery in this case (DE 44 & 45) in light of its criminal complaint against Ahmed. *US v. Nadim Ahmed*, 23-mg-563 (S.D.N.Y.) ("*US v. Ahmed*"). On July 11, 2025, the United States District Court for the Southern District of New York accepted a jointly-submitted deferred prosecution agreement in the criminal case, ending that case, and in contemplation of dismissing the charges altogether.  The USAO has not sought an additional stay of discovery in this civil case.

Atlanta | Austin | Baltimore | Charlotte | Charlottesville | Chicago | Dallas | Houston | Jacksonville | London | Los Angeles - Century City
Los Angeles - Downtown | New York | Norfolk | Pittsburgh | Raleigh | Richmond | San Francisco | Tysons | Washington, D.C.

Hon. Vernon S. Broderick
July 28, 2025
Page 2

that discovery should go forward at this stage, the Defendants ask that the Court accept their recommended case management plan.

Discovery:  The parties have not engaged in an exchange of discovery within this litigation.  The SEC subpoenaed documents from defendants during its investigation.  To engage in meaningful settlement negotiations concerning monetary relief sought, the SEC intends to seek discovery concerning any gains by defendants in connection with the conduct alleged in the complaint.

Defendants' position is that any discovery is improper in this case until the motions to dismiss are resolved.  The motions to dismiss make plain that the SEC has failed to adequately allege even a single violation of the federal securities laws on the merits, and further, the statute of limitations has expired for all, or at the very least 99%, of the SEC's allegations.  It makes no sense to engage in discovery until the scope of this case becomes clear after the court's ruling on the motion to dismiss – if it even survives.

To make matters worse, the NuRide Defendants have suffered a severe financial crisis due to the actions of the SEC in this case.  The SEC single-handedly destroyed their business by chasing away their main source of revenue, depriving it of any hope of survival, leading to the losses of jobs for virtually every employee.  NuRide did not have sufficient capital to withstand the SEC's crushing investigation, which demanded virtually every scrap of paper and communications from numerous companies, dating back long before the limitations period, even where there was no evidence of any wrongdoing.  NuRide does not now have the capital to engage in an expensive discovery process, particularly if that process will end up being mooted by the defendants' motion to dismiss.  Discovery should be stayed until then to avoid wasteful spending.

The Shah Defendants have similarly suffered.  The mere existence of the SEC Complaint has damaged the reputation of Shah and MSA Law, setting off a chain reaction of challenges that have resulted in substantial financial strain after a 30-year career.  The SEC's Complaint caused many clients to immediately leave MSA Law.  Like the NuRide Defendants, the Shah Defendants lack the resources to engage in a costly discovery process, which would only further deplete the limited capital available to Shah and MSA Law.  Moreover, the SEC Complaint has created serious consequences for hundreds of investors pursuing green cards through the EB-5 process.  U.S. Citizenship and Immigration Services has used the mere existence of the allegations in this lawsuit as a basis for rejecting the investors' immigration petitions, after they did nothing other than invest $500,000 in EB-5 job programs.  Shah and MSA Law are actively contesting these denials.  Several investors, who were issued conditional green cards and began building their lives in the United States, now face denial of their case and potential deportation.  All based on the thin allegations in the SEC's Complaint.

Prior Settlement Discussions and the Prospect of Settlement:  The parties remain open to settlement discussions.  On July 10, 2025, the parties discussed the possibility of settlement but did not reach a resolution.  On that date, the Defendants requested a meeting with senior personnel at the Commission, a request that they had made repeatedly before, but had not yet been granted.  On July 24, 2025, the SEC Staff responded that the SEC denied that request.

Hon. Vernon S. Broderick
July 28, 2025
Page 3

      On February 9, 2024, the SEC provided counsel with categories of relief it would seek in settlement, subject to Commission approval, but the parties did not discuss specific amounts of monetary relief.  The prospect of settlement is unclear.

Estimated Trial Length:  The SEC estimates a trial would last ten days.  Defendants estimate that a trial would last between two and ten days, depending on how much of the case survives a motion to dismiss and summary judgment (if any, of course).

                                      Respectfully submitted,


                                      */s/ Jason Gottlieb*
                                      Jason Gottlieb
                                      Morrison Cohen LLP
                                        909 Third Avenue
                                        New York, NY 10022
                                        (212) 735-8793
                                        jgottlieb@morrisoncohen.com

                                      *Counsel for Defendants Nadim Ahmed,*
                                      *NuRide Transportation Group, LLC,*
                                      *NYC Green Transportation Group, LLC,*
                                      *and NYC EV Mobility LLC*



                                      */s/ Molly M. White*
                                      Molly M. White (pro hac vice)
                                      McGuireWoods LLP
                                      1800 Century Park East, 8th Floor
                                      Los Angeles, CA 90067
                                      (310) 315-8200
                                      mwhite@mcguirewoods.com

                                      *Counsel for Defendants Mehreen Shah,*
                                      *Mona Shah & Associates, PLLC, Gravitas NYC*
                                      *Regional Center, LLC, and Med Trans EB-5 Fund,*
                                      *LLC*


Enclosure

cc (by ECF):  All counsel of record.