

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

NEW YORK
REGIONAL OFFICE

March 27, 2026

**By ECF**
Hon. Robert W. Lehrburger
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Room 1960
New York, NY 10007

 Re: *SEC v. Ahmed, et al.*, 23 Civ. 10210 (VSB) (RWL)

Dear Judge Lehrburger,

 Plaintiff Securities and Exchange Commission ("SEC") respectfully requests an extension of fact discovery to 60 days following the last date that Defendants serve any answers to the SEC's Complaint and an extension of all other deadlines in the Court's January 7, 2026 Revised Scheduling Order ("January 2026 Scheduling Order") (DE 72) for the same number of days, in light of Defendants' pending motions to dismiss (DE 28-29 & 32-35), the SEC's continued efforts to produce and obtain materials, and anticipated depositions.[1] Defendants do not consent to this request for reasons stated below.

 Since the parties' January 6, 2026 Joint Status Update (DE 71), the SEC has made a second production in response to Defendants' requests for the production of documents. Also, the SEC issued requests for admission and interrogatories to Defendants. Defendants are scheduled to respond by April 13, 2026. Throughout discovery, the SEC has produced 212 gigabytes (GB) of materials, in both load ready and pdf form, from two investigations. Additionally, the SEC has responded to written discovery requests from Defendants, including more than 250 requests for admission. The SEC anticipates providing Defendants with at least one additional production of documents, which will include external SEC email correspondence.

 Defendants Mehreen Shah; Mona Shah & Associates, PLLC; Gravitas NYC Regional Center, LLC; and Med Trans EB-5 Fund LLC (collectively, the "Shah Defendants") have made a production of documents to the SEC in response to the SEC's request, limited to materials concerning certain investors' accredited status. However, Defendants Nadim Ahmed; NuRide Transportation Group, LLC; NYC Green Transportation Group, LLC; and NYC EV Mobility LLC (collectively, the "NuRide Defendants") have not produced any documents or other materials in connection with the SEC's request for the production of documents. The SEC's

---

[1] On October 20, 2025, the Court granted the SEC's request for a stay of discovery and adjournment of discovery deadlines due to a lapse in federal government appropriations. (DE 68.)

Hon. Robert W. Lehrburger
March 27, 2026
Page 2

request specifically instructs the NuRide Defendants not to reproduce documents provided in connection with the SEC's investigations, other than those withheld or clawed back. To focus production, the SEC has provided the NuRide Defendants with a letter prioritizing its requests but may seek the Court's intervention if this impasse remains unresolved.

Pursuant to the Court's January 2026 Scheduling Order, the deadline for the completion of fact discovery is April 13, 2026. However, as the Court's rulings on Defendants' motions to dismiss are pending, Defendants have yet to answer the SEC's Complaint. Rules 8(b) and (c) of the Federal Rules of Civil Procedure require that "[i]n responding to a pleading, a party must (A) state . . . its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party" and that "a party must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8. Further, pursuant to Rule 12(b), in such responsive pleadings, Defendants must assert any defenses to the SEC's claims. Fed. R. Civ. P. 12(b). Notice of such defenses may affect the scope of appropriate discovery. Without the Court's rulings and Defendants' answers, the SEC would be without notice of the defenses that the Defendants plan to assert and thus unable to probe such defenses through remaining discovery, including during Defendants' and third-party depositions.

The instant request to extend the discovery deadline is consistent with the SEC's prior position to proceed with discovery pending the Court's decisions on Defendants' motions to dismiss, as opposed to otherwise staying discovery, which would have prevented the parties from even exchanging discovery materials. *See* SEC's July 25, 2025 Status Letter to the Court (DE 59). Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause exists here to extend fact discovery given that the Defendants have not yet answered the Complaint, the parties are still in the process of exchanging discovery materials, and depositions have not yet occurred. The parties cannot predict when the Court will decide the motions to dismiss or when Defendants will be required to answer the SEC's Complaint, thus continuing discovery during the pendency of the Court's decisions on the motions to dismiss will best position the parties to proceed efficiently upon receipt of the Court's rulings, while preventing any prejudice to the SEC.

NuRide Defendants' Position:

The NuRide Defendants oppose this request given the SEC's previous objection to Defendants' request to continue to stay discovery in the SEC's July 25, 2025 status letter to the Court (DE 59), along with the SEC's agreement to the discovery schedule when it was entered.

The SEC did not immediately produce materials to defendants and objected to the production of voluminous materials that the Defendants have requested, including virtually all of the Defendants' requests for admissions and interrogatories. The NuRide Defendants have objected to the production of documents and other materials in connection with the SEC's

Hon. Robert W. Lehrburger
March 27, 2026
Page 3

request for the production of documents, most (if not all) of which were collected during the SEC's investigation, and are irrelevant to the SEC's claims.  The SEC propounded these requests despite the fact that, as the SEC is well aware, the NuRide Defendants lack the funds to search, collect, review, or produce them – because the SEC's investigation terminated the NuRide Defendants' income, and required the expenditure of immense amounts of cash in the SEC's investigation, proving various SEC theories, virtually all of which were dropped during the investigation, to be incorrect.

The NuRide Defendants object to extending the discovery period.  The SEC insisted on starting discovery (and agreeing to the April 13, 2026 fact discovery cutoff) despite the fact that the Court had not ruled on the defendants' motions to dismiss.  The Defendants pointed out at our earlier status conference that without the Court's ruling on the motions to dismiss, we would have no idea what claims or defenses would be relevant to discovery, and thus the parties might end up engaged in discovery that would be wasteful, in all or in part.  Particularly since the SEC's investigation had already bankrupted the companies and destroyed their income stream, the NuRide Defendants were eager to conserve resources to the maximum extent.  The SEC, undeterred by wasting either the Defendants' or the public's money, insisted on a discovery schedule that started immediately.  Now that we are at the end of that Court-ordered discovery period, the SEC wants to extend it for the exact same reason that Defendants previously said it was wiser not to start it:  the Court has not yet ruled on the motions to dismiss.  The fact that "the parties are still in the process of exchanging discovery materials, and depositions have not yet occurred" was an entirely knowable fact for months and months – if the SEC has not done its homework in the allotted time, it should not get the benefit of an extension now at the full prejudice of the defendants. (The SEC's claim that it cannot predict the defenses Defendants plan to assert is somewhat hollow, given that the SEC was advised of them multiple times throughout its investigation.)

<u>Shah Defendants' Position</u>:

The Shah Defendants do not consent to extending the discovery cut-off. The SEC did not extend the same courtesy to the Shah Defendants when they requested a stay of discovery in light of the still-pending motion to dismiss, and the Shah Defendants see no basis for a different approach here.

*        *        *

For the reasons the SEC has noted above, the SEC respectfully requests that the deadline for the completion of fact discovery be extended to 60 days following the latest date that Defendants serve any answers to the SEC's Complaint and that all other deadlines in the January 2026 Scheduling Order be extended for the same number of days.

Hon. Robert W. Lehrburger
March 27, 2026
Page 4

Respectfully submitted,

s/ Chevon Walker_____
Chevon Walker
Counsel for Plaintiff
Securities and Exchange Commission
(212) 336-0090
WalkerCh@sec.gov

cc:     All counsel of record (by ECF).