

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
100 Pearl Street, Suite 20-100
New York, NY 10004-2616

**NEW YORK**
**REGIONAL OFFICE**

June 4, 2026

**By ECF**
Hon. Robert W. Lehrburger
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Room 1960
New York, NY 10007

Re:  *SEC v. Ahmed, et al.*, 23 Civ. 10210 (VSB) (RWL)

Dear Judge Lehrburger,

Plaintiff Securities and Exchange Commission ("SEC") writes pursuant to Local Rule 37.2 and the Court's Individual Practices Rule II(D) to request a conference and seek an order compelling discovery from Defendants Nadim Ahmed ("Ahmed"); NuRide Transportation Group, LLC ("NuRide"); NYC Green Transportation Group, LLC ("NYC Green"); and NYC EV Mobility LLC ("EV Mobility," together, "NuRide Defendants").  In response to the SEC's document requests, the NuRide Defendants have produced nothing and ignored the SEC's April 29, 2026 meet-and-confer request. Separately, NuRide clawed back 5,721 documents it produced nearly a decade ago and over which any privilege has long been waived ("2016-17 Documents"). The SEC seeks an order compelling production of all documents responsive to its requests, including the 2016-17 Documents, prioritizing those in the SEC's April 16, 2026 letter (Ex. 10).[1]

**The NuRide Defendants Should Be Compelled to Comply With the SEC's Requests.**

Over eight years, the NuRide Defendants raised over $66 million from more than 100 immigrant investors through the EB-5 program, under which foreign nationals can obtain permanent U.S. residency through investments that create American jobs, if certain conditions are met. The SEC alleges that Ahmed, NuRide, and NYC Green misrepresented the NYC Green business structure on which investors' immigration applications depended, falsely claimed that management invested $11 million in NYC Green, and used investor funds for an affiliated entity's—Edwin Shah's—SEC settlement. They also offered and sold unregistered securities. To prove these claims, the SEC needs records of, for example, Defendants' investor solicitations and communications, offering documents, use of funds, the purported $11 million investment, NYC Green's job creation and business structure, and financial arrangements with Edwin Shaw.

---

[1] The SEC also seeks clarification whether the Court's April 1, 2026 Order's (DE 76) stay of "all other fact discovery"—which cited depositions and third-party discovery as examples, covers its pending interrogatories and requests for admission—which the NuRide Defendants have failed to answer.

Hon. Robert W. Lehrburger                                                          Page 2

On December 9, 2025, the SEC served targeted document requests: 45 on Ahmed, 43 on NuRide, 26 on NYC Green, and 24 on EV Mobility, seeking records of the entities' finances, operations, and investor communications. *See* Exs. 1-4. On January 8, the NuRide Defendants responded similarly to every request, objecting that they were "unduly burdensome and unnecessary" and sought documents that the SEC already has. *See* Exs. 5-8. That objection had no basis, as the requests expressly instructed Defendants not to re-produce documents the SEC already has. After a February 4, 2026 meet-and-confer by phone, the SEC twice prioritized requests for the most critical materials, by letters on February 17 and April 16, 2026. *See* Exs. 9&10. On April 21, the NuRide Defendants agreed to produce documents responsive to one request—and have not done so. *See* Ex. 11. In response to numerous other requests, including for W-2s for employees who satisfied the EB-5 program's job creation requirements, the identity of personnel who transferred NYC Green investor funds, and who drafted and distributed NYC Green offering documents, Defendants stated they have "no idea why this request would be relevant to [the SEC's] claims." *Id.* On April 29, SEC counsel emailed NuRide Defendants' counsel to schedule another meet-and-confer; NuRide Defendants' counsel did not respond.

Rule 26(b)(1) authorizes discovery on nonprivileged matters relevant and proportional to the needs of the case; the SEC's prior investigation does not narrow that entitlement. *SEC v. Rayat*, No. 21-cv-4777 (LJL), 2022 WL 1423300, at *3 (S.D.N.Y. May 5, 2022). Once relevance is shown, the burden shifts to the responding party to justify its refusal to produce. Each category of the SEC's requested documents is relevant here. Offering documents show what Defendants told investors—including that NYC Green would create jobs—before they committed their money. Investor communications show what Defendants represented about the business structure, the $11 million management investment, and the use of funds. Financial records show where $66 million went, including whether any of it covered Edwin Shaw's SEC settlement. The NuRide Defendants have not shown—and cannot show—that producing their own records of a $66 million fundraise from over 100 investors is unduly burdensome.

**The Court Should Order Production of the 2016-17 Documents.**

In 2016 and 2017, during a prior investigation, NuRide produced the 2016-17 Documents to the SEC. An accompanying cover letter carefully sorted documents into categories with sworn declarations—including from Ahmed—attesting to each individual's role in gathering them. *See* Ex. 12. Many documents bore subject lines reflecting attorney involvement. *See* NuRide's Privilege Log, Ex. 13 at Rows 39-40, 43-45. The SEC later used some of the 2016-17 Documents in testimony. In June 2023—six years after production—the SEC notified NuRide's counsel that the production included communications involving Mona Shah, NuRide's former counsel, and NuRide personnel. NuRide did nothing. Only after the SEC raised the issue again, months later, did NuRide ask to claw back documents, initially seeking return of 22,380 documents, nearly 20% of their production, before narrowing to the 5,721 at issue.

Under Federal Rule of Evidence 502(b), disclosing a document waives any privilege unless the holder shows: (1) disclosure was inadvertent; (2) it took reasonable steps to prevent disclosure; and (3) it promptly moved to correct the error. *See BIS v. AT&T Corp.*, 251 F.R.D. 121, 124 (S.D.N.Y. 2008). NuRide cannot satisfy any of those conditions.

Hon. Robert W. Lehrburger                                                    Page 3

     ***NuRide Waived Privilege over the 2016-17 Documents.*** The production was not inadvertent. *See* Ex. 12. A categorized, declaration-supported production to a third party—with individuals attesting under oath to their role in gathering the documents—waives privilege and forecloses any claim of inadvertence. *See U.S. Bank Tr. Co., N.A. v. DISH DBS Corp.*, No. 24-cv-3646 (JGLC), 2025 WL 3211751, at *6 (S.D.N.Y. Nov. 17, 2025) ("[g]enerally, a privilege holder waives attorney-client privilege by disclos[ing]. . . to a third party") (internal citation omitted). NuRide also cannot show reasonable steps to prevent disclosure or prompt remediation after waiting six years to request a claw back. SEC counsel twice told NuRide that their production contained communications with former counsel. A party that requires two notifications and six years to act, has not inadvertently produced anything—or promptly corrected any error. *See In re Actos Antitrust Litig.*, 703 F. Supp. 3d 468, 472 (S.D.N.Y. 2023) (holding that waiting eight *days* to assert privilege after notice at deposition waived privilege).

     ***NuRide's Privilege Log Independently Fails to Sustain the Clawback.*** Even if NuRide had not waived privilege, its privilege log, which counsel has admitted was generated through an automated process, cannot support the claw back. Local Rule 26.2(a) requires each log entry to identify document type, date, author, recipients, and a description sufficient to evaluate the privilege claim. Local Rule 26.2(c) permits categorical logs, but only if the required information is "in comprehensible form." NuRide's log falls far short. For over 1,570 documents, it provides nothing beyond a creation date. Blanket assertions of privilege cannot carry the proponent's burden. *von Bulow v. von Bulow*, 811 F.2d 136, 147 (2d Cir. 1987).

     The deficiency is particularly relevant for communications involving Shah, who marketed NuRide to investors—including praising it on a public webpage—alongside her legal work.[2] Only communications made for the purpose of obtaining or providing legal advice are privileged. *See In re County of Erie*, 473 F.3d 413, 421 n.9 (2d Cir, 2007) ("a lawyer not acting in her capacity as a lawyer is not a lawyer for the purpose of the attorney-client privilege."). Yet NuRide's log asserts privilege over Shah communications without distinguishing her legal work from her business work.[3] The subject lines of some emails over which Defendants are now belatedly asserting privilege suggest they concern business operations and not legal advice, including: "new potential investor" (SEC-DEF-EPROD-000122363), "Investors visiting NYCGT today" (SEC-DEF-EPROD-000128190), and "Baruch College EB-5 Conference" (SEC-DEF-EPROD-000045968). Ex. 13, Rows 3213, 3484, 1394. An automated log that fails to distinguish between investor outreach and legal advice cannot sustain a privilege claim.

     Accordingly, the SEC requests a conference and seeks an order compelling production of all documents responsive to its requests, including the 2016-17 Documents.

---

[2] *See* Mona Shah & Partners, "NuRide Transportation: New Age Medicine in the Time of Corona," https://tinyurl.com/m5jmwmub (last visited June 3, 2026).

[3] To the extent Shah's communications furthered the fraud alleged in the Complaint, the crime-fraud exception independently negates any privilege. *See, e.g., SEC v. Collector's Coffee Inc.*, 338 F.R.D. 309, 315-316 (S.D.N.Y. 2021) (communications are not protected if they are in furtherance of contemplated or ongoing criminal or fraudulent conduct).

Hon. Robert W. Lehrburger                                                          Page 4

                                                    Respectfully submitted,

                                                    s/ *Chevon Walker*_____
                                                    Chevon Walker
                                                    Austin Thompson
                                                    Counsel for Plaintiff
                                                    Securities and Exchange Commission
                                                    (212) 336-0090 (Walker)
                                                    (212) 336-9074 (Thompson)
                                                    WalkerCh@sec.gov
                                                    ThompsonAu@sec.gov

cc:        All counsel of record (by ECF)