# Exhibit 9



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
100 Pearl Street, Suite 20-100
New York, NY 10004-2616

**DIVISION OF**
**ENFORCEMENT**

February 17, 2026

**By Email**

Jason Gottlieb
Morrison Cohen LLP
909 Third Avenue
New York, NY 10022
jgottlieb@morrisoncohen.com

   **Re:**  *SEC v. Ahmed, et al.*, 23-cv-10210 (S.D.N.Y.)

Dear Mr. Gottlieb,

  As discussed on our February 4, 2026 call concerning the parties' responses to document requests, we have reviewed our First Requests for the Production of Documents to your clients, Nadim Ahmed ("Ahmed"), NYC Green Transportation Group, LLC ("NYC Green"), NuRide Transportation Group, LLC ("NuRide"), and EV Mobility LLC ("EV Mobility"), and ask that your clients prioritize the requests selected below in their productions of documents to the Securities and Exchange Commission ("SEC"). The SEC's provision of the list below of prioritized requests is not a withdrawal of our demand for all documents requested in our First Requests for the Production of Documents to your clients. And as we understand from your statements on the call, your clients are preserving all materials related to their business operations and this litigation.

  Please prioritize the following SEC requests:

- **Ahmed (4); NYC Green (4); NuRide (4)**:[1] All other versions of NYC Green offering documents, including advertisements, business plans, offering memoranda, operating agreements, subscription agreements, and investor suitability evaluations provided to NYC Green investors, other than those [previously] produced [to the SEC].

---

[1] Throughout this letter, we will identify specific requests in the following manner: "Request recipient (Request No.)," for example, "Ahmed (4)" refers to Request No. 4 within the SEC's First Request for Production of Documents to Ahmed.

Jason Gottlieb
February 17, 2026
Page 2

- **NuRide (16)**: Documents and communications [sufficient to identify and describe all] NuRide's acquisition, purchase, sale, or lease of assets, including software, vehicles and real property.

- **Ahmed (18), NuRide (17), NYC Green (8)**: Documents and communications [sufficient to identify and describe] the use of NYC Green investor funds; the drafting and/or distributing of NYC Green offering documents (including advertisements, business plans, offering memoranda, operating agreements, and subscription agreements); marketing of NYC Green securities; soliciting of potential NYC Green investors; NYC Green's compliance with the EB-5 Program; any $11 million non-EB-5 capital contribution to NYC Green by NYC Green principals; NuRide and/or NYC Green management; any other contribution to NYC Green by NYC Green principals, NuRide, and/or NYC Green management; NYC Green's acquisition, purchase, sale, or lease of assets, including software, vehicles and real property; any transfer of assets between NuRide and NYC Green; any transfer of assets between EV Mobility and NYC Green; any transfer of assets between Med Trans[2] and NYC Green; NYC Green updates and progress reports; NYC Green finances (including but not limited to: payroll, revenue, earnings, profits, losses, and expenses); [and] service contracts.

- **Ahmed (21), NuRide (20), NYC Green (10), EV Mobility (8)**: Documents and communications [sufficient to identify and describe all] marketing of the NuRide Offerings and/or soliciting of potential investors of the NuRide Offerings, including through conference attendance, website postings, travel, and podcast appearances.

- **Ahmed (23-27), NuRide (22-26), NYC Green (12) EV Mobility (10)**: Documents and communications [sufficient to identify and describe] NuRide, NYC Green, Med Trans, EV Mobility, and MSA Law policies and procedures to review and verify the accreditation status of prospective investors in the NuRide Offerings.[3]

- **Ahmed (28), NuRide (27), NYC Green (13), EV Mobility (11)**: NuRide general ledgers for June 2023 through the present; NYC Green general ledgers for June 2023 through the present; EV Mobility general ledger for June 2023 through the present; and Med Trans general ledgers for June 2019 through the present.

- **Ahmed (29), NuRide (28), NYC Green (14), EV Mobility (12)**: NuRide balance sheets for December 2016 through the present; NuRide income statements for 2015 and December 2016 through the present; all NuRide cash flow statements; NYC

---

[2] "Med Trans" refers to Med Trans EB-5 Fund LLC.

[3] "MSA Law" refers to Mona Shah & Associates PLLC and "NuRide Offerings" collectively refers to the securities offerings of NYC Green, Med Trans EB-5 Fund, LLC, and EV Mobility.

Jason Gottlieb
February 17, 2026
Page 3

Green balance sheets for December 2016 through the present; NYC Green income statements for 2015 and December 2016 through the present; all NYC Green cash flow statements; all EV Mobility balance sheets and financial statements; and all Med Trans balance sheets and financial statements.

- **Ahmed (31), NuRide (30), NYC Green (16), EV Mobility (14)**: (See original requests).

- **Ahmed (32), NuRide (31), NYC Green (17), EV Mobility (15)**: (See original requests).

- **Ahmed (34 through 38), NuRide (33 through 36), NYC Green (19), (EV Mobility (17)**: (See original requests).

- **Ahmed (39)**: Documents and communications [sufficient to identify and describe] any contracts; agreements; loans; promissory notes; employment agreements; and all financial transactions including, but not limited to, invoices, checks and other records of payment between [Ahmed] and any of the following entities: [see original request].

- **NuRide (37)**: Documents and communications [sufficient to identify and describe] any contracts; agreements; loans; promissory notes; employment agreements; and all financial transactions of at least $5,000, including, but not limited to, invoices, checks and other records of payment; between NuRide and any of the following entities: (a) NYC Green; (e) MSA Law; (f) Edwin Shaw;[4] (g) Uber Technologies, Inc.; (h) Terrazola Builders LLC; and (k) any other rideshare or taxi company.

- **NYC Green (20)**: Documents and communications [sufficient to identify and describe] any contracts; agreements; loans; promissory notes; employment agreements; and all financial transactions of at least $5,000, including, but not limited to, invoices, checks and other records of payment; between NYC Green and any of the following entities: (a) NuRide, (b) Med Trans, (e) MSA Law, (f) Edwin Shaw, (g) Uber Technologies, Inc., (h) Terrazola Builders LLC, and (k) any other rideshare or taxi company.

- **EV Mobility (18)**: Documents and communications [sufficient to identify and describe] any contracts; agreements; loans; promissory notes; employment agreements, and all financial transactions of at least $5,000, including, but not limited to, invoices, checks and other records of payment; between EV Mobility and any of the following entities: (e) MSA Law, (f) Edwin Shaw, (g) Uber Technologies, and (h) Terrazola Builders.

---

[4] "Edwin Shaw" refers to Edwin Shaw LLC.

Jason Gottlieb
February 17, 2026
Page 4

- **Ahmed (40)**: Documents and communications [sufficient to identify and describe all] payments, reimbursements, or other financial transactions, contracts and/or agreements, including, but not limited to, employment agreements, loans and/or promissory notes, and invoices, between [Ahmed] and Shah.[5]

- **NuRide (38)**: Documents and communications [sufficient to identify and describe all] payments, reimbursements, or other financial transactions, contracts and/or agreements, including, but not limited to, employment agreements, loans and/or promissory notes, and invoices, between NuRide and the following individuals: (a) Ahmed; and (b) Shah.

- **NYC Green (21)**: Documents and communications [sufficient to identify and describe all] payments, reimbursements, or other financial transactions, contracts and/or agreements, including, but not limited to, employment agreements, loans and/or promissory notes, and invoices, between NYC Green and the following individuals: (a) Ahmed and (b) Shah.

- **EV Mobility (19)**: Documents and communications [sufficient to identify and describe all] payments, reimbursements, or other financial transactions, contracts and/or agreements, including, but not limited to, employment agreements, loans and/or promissory notes, and invoices, between EV Mobility and the following individuals: (a) Ahmed and (b) Shah.

- **Ahmed (43), NuRide (41), NYC Green (24), EV Mobility (22)**: (See original requests).

- **Ahmed (45), NuRide (43), NYC Green (26), EV Mobility (24)**: (See original requests).

The requests referenced above as Ahmed (45), NuRide (43), NYC Green (26), and EV Mobility (24) refer to the 5,721 documents NuRide previously produced in the NY-9454 Investigation[6] but later asserted were "presumptively attorney-client privileged" and listed in a privilege log provided to the SEC, dated April 2, 2024 ("April 2024 Privilege Log"). You have told us that these documents were identified not by a document-by-document privilege review, but by the use of search terms.

As noted in our previously provided May 24, 2024 letter (attached hereto), we disagree with your assertion that all of the documents and communications on the April 2024 Privilege

---

[5] "Shah" refers to Mona Shah.
[6] "NY-9454 Investigation" refers to the SEC investigation captioned *In the Matter of NuRide Transportation*, NY-9454.

Jason Gottlieb
February 17, 2026
Page 5

Log are privileged, particularly given Mona Shah's non-legal roles in connection with NuRide and its offerings and the continued absence of a privilege review. In response to our document requests, we ask that you perform an actual privilege review of these documents and provide a revised privilege log with the information required by Fed. R. Civ. P. 26(b)(5)(A), so that we may evaluate the "presumptive privilege" assertion. Additionally, we ask that you provide the basis for your contention that these documents were inadvertently produced and that any privilege has not been waived, including identifying the precautions taken to prevent inadvertent disclosure and all efforts to rectify the error.

We ask that you respond to our requests above by February 24, 2026.

Sincerely,


s/ *Chevon Walker*
Chevon Walker
Ariel Atlas
Austin Thompson
Securities and Exchange Commission
(212) 336-0090 (Walker)


Enclosure

cc:     Gayle Pollack
        Genny Ngai
        Emma McGrath
        gpollack@morrisoncohen.com
        gngai@morrisoncohen.com
        emcgrath@morrisoncohen.com

        *Counsel for Nadim Ahmed, NuRide*
        *Transportation Group, LLC, NYC Green*
        *Transportation Group, LLC, and NYC EV*
        *Mobility LLC*

        Molly White
        McGuire Woods LLP
        mwhite@mcguirewoods.com

        *Counsel for Defendants Mona Shah,*
        *Mona Shah & Associates PLLC, Gravitas*
        *NYC Regional Center, LLC, and Med Trans*
        *EB-5 Fund, LLC*



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

**DIVISION OF
ENFORCEMENT**

May 24, 2024

**By Email**

Gayle Pollack
Morrison Cohen LLP
909 Third Avenue
New York, NY 10022
gpollack@morrisoncohen.com

<u>**Re:**</u>   <u>**In the Matter of NYC Green Transportation (NY-10138)**</u>

Dear Ms. Pollack:

Thank you for providing your April 2, 2024 letter and revised privilege log (the "April 2024 Privilege Log"). While we appreciate that excluding documents and communications with certain third parties has reduced the more than 22,300 documents you previously identified as "presumptively attorney-client privileged" to 5,721, you acknowledged in your letter that you did not conduct a privilege review of those documents and instead exclusively used search terms. Thus, again, we ask that you perform an actual privilege review of the now reduced number of documents listed on the April 2024 Privilege Log.

As you know, NuRide Transportation Group, LLC ("NuRide") produced the documents at issue in November 2016 and January 2017, in connection with a prior SEC investigation, NuRide Transportation, NY-09454 ("2016 Investigation"), which resulted in a 2018 settlement with Edwin Shaw LLC ("Edwin Shaw") a New York company owned by Mona Shah ("Shah") and Nadim Ahmed. According to the findings of the SEC's Order, which Edwin Shaw neither admitted nor denied, between April 2014 and March 2017, Edwin Shaw solicited foreign nationals interested in applying for legal residency through the federal government's EB-5 Immigrant Investor Program to invest in securities issued by a taxi and limousine company based in Queens, New York and obtained fees in connection with those solicitations. Edwin Shaw was not registered with the SEC as a broker or dealer when it engaged in the solicitations and otherwise effectuated these securities transactions, thereby violating Section 15(a)(1) of the Securities Exchange Act of 1934. Edwin Shaw then used approximately $400,000 of the investor fees on its own expenses and personal expenses of Edwin Shaw's principal. Edwin Shaw paid approximately $544,000 to resolve the matter. Mona Shah & Associates ("MSA Law") represented NuRide in connection with that investigation.

Gayle Pollock, Esq.
May 24, 2024
Page 2

SEC investigative staff in the current NYC Green (NY-10138) investigation did not believe that the documents produced by NuRide in the 2016 Investigation were either privileged or inadvertently produced for several reasons:

First, in addition to serving as NuRide's legal counsel, Shah served in multiple non-legal roles in connection with NuRide's business and that of other associated entities, as evidenced by Shah's partial ownership of Edwin Shaw. Thus, the inclusion of non-privileged communications between Shah and NuRide personnel in the NuRide productions is consistent with Shah's multiple roles. Indeed, as counsel for NuRide and participants in certain of the communications, Shah and MSA Law were well-positioned to assess whether any of the documents at issue were privileged. Second, the vast majority of the documents were accompanied by detailed cover letters. Third, the documents were produced by a law firm, which presumably conducted a privilege review to preserve confidentiality. Further, as you are also aware, in a June 9, 2023, email to your firm (as counsel to NuRide), the SEC highlighted and attached communications involving Shah from the NuRide NY-09454 production to demonstrate that withholding such documents as presumptively privileged in the NYC Green (NY-10138) investigation was baseless. In response to that communication, NuRide did not claim that those documents were privileged or seek to claw them back.

Despite assertions in your letter, the April 2024 Privilege Log does not provide "all required information for [the SEC] to evaluate the NuRide Affiliates' privilege assertions." In fact, over 1,500 of the documents listed are identified by nothing more than a bates number, date, and an attorney-client privilege assertion, providing no means for the SEC to evaluate the "presumptive privilege" assertion. Indeed, the case you cite in your April 2, 2024 letter requires more. *Rekor Sys., Inc. v. Loughlin*, No. 19-cv-7767 (LJL), 2021 WL 5450366 (S.D.N.Y. Nov. 22, 2021) (noting that a privilege log must contain sufficient information to permit the receiving party to make an intelligent determination about the validity of the privilege assertion). Additionally, again, *see von Bulow v. von Bulow*, 811 F.2d 136, 147 (2d Cir. 1987); *In re Leslie Fay Cos. Sec. Litig.*, 161 F.R.D. 274, 284 (S.D.N.Y. 1995); and *Bennett v. Cuomo*, No. 22-cv-7846, 2023 WL 7624669, at *1 (S.D.N.Y. Nov. 14, 2023), all requiring more than blanket privilege assertions. While Local Civil Rule 26.2(c) contemplates the provision of a group or category privilege log, it also provides that the recipient party "may object if the substantive information required by this rule has not been provided in a comprehensible form." In this case, for at least 1,500 documents, information required by Local Civil Rule 26.2, including the type of document, general subject matter, author, or recipient, has not been provided in any form.

Further it appears that your reliance on search terms has resulted in the inclusion of business communications, which are not privileged, highlighting the need for a document-by-document review. Attorney-client "privilege attaches only when a client seeks legal advice or services, as opposed to business advice." *In re Leslie Fay Cos. Sec. Litig.*, 161 F.R.D. at 282 (citation omitted). As you are aware, Shah held a number of non-legal roles in connection with NuRide and its offerings, thus a categorical assertion of privilege as to all communications with Shah and MSA Law, which would include non-legal, business communications, is insufficient.

Gayle Pollock, Esq.
May 24, 2024
Page 3

For example, a number of documents listed on the April 2024 Privilege Log are identified by subject lines that suggest business, as opposed to legal, subject matter, such as "new potential investor" (SEC-DEF-EPROD-000122363), "Investors visiting NYCGT today" (SEC-DEF-EPROD-000128190), and "Baruch College EB-5 Conference" (SEC-DEF-EPROD-000045968).

Again, we disagree with your assertion that all of the documents and communications on the April 2024 Privilege Log are privileged, particularly given the continued absence of a privilege review. Additionally, we ask that you provide the basis for your contention that the 5,721 documents contained in the NuRide NY-9454 production were inadvertently produced and that any privilege has not been waived, including identifying the precautions taken to prevent inadvertent disclosure and all efforts to rectify the error. Further, please confirm that the April 2024 Privilege Log is a subset of your December 22, 2023 Privilege Log, and does not include documents not previously included on the December 22, 2023 Privilege Log.

While we await an adequate privilege log, we have sequestered the documents listed in the April 2024 Privilege Log in our production database. Also, we are in the process of conducting a search for documents listed on the April 2024 Privilege Log that are copied elsewhere in our files and we will take steps to sequester them.

We reiterate our request for an adequate privilege log that is the result of a meaningful privilege review.

Sincerely,


s/ *Chevon Walker*
Chevon Walker
Ariel Atlas
Alison Conn
Securities and Exchange Commission
(212) 336-0090 (Walker)