# Exhibit 10



**DIVISION OF
ENFORCEMENT**

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

April 16, 2026

**By Email**

Jason Gottlieb
Morrison Cohen LLP
909 Third Avenue
New York, NY 10022
jgottlieb@morrisoncohen.com

   **Re:**  *SEC v. Ahmed, et al.*, 23-cv-10210 (S.D.N.Y.)

Dear Mr. Gottlieb,

   We are again writing to follow up on our First Requests for the Production of Documents to your clients, Nadim Ahmed ("Ahmed"), NYC Green Transportation Group, LLC ("NYC Green"), NuRide Transportation Group, LLC ("NuRide"), and EV Mobility LLC ("EV Mobility"), and ask that your clients prioritize the requests selected below in their productions of documents to the Securities and Exchange Commission ("SEC"). The SEC's provision of the list below of prioritized requests is not a withdrawal of our demand for all documents requested in our First Requests for the Production of Documents to your clients. As previously instructed, the defendants do not need to re-produce documents that defendants produced to the SEC during the NY-9454 Investigation or the NY-10138 Investigation.[1] And as we understand it, your clients are preserving all materials related to their business operations and this litigation.

   Please provide the following:

1. All versions of NYC Green offering documents, including advertisements, business plans, offering memoranda, operating agreements, subscription agreements, and investor suitability evaluations provided to NYC Green Investors, other than those previously produced to the SEC. (Ahmed (4); NYC Green (4); NuRide (4).) [2]

---

[1] "NY-10138 Investigation" refers to the investigation captioned *In the Matter of NYC Green Transportation, LLC*, NY-10138 and "NY-9454 Investigation" refers to the investigation captioned *In the Matter of NuRide Transportation*, NY-9454.

[2] Throughout this letter, we will identify specific requests in the following manner: "Request recipient (Request No.)," for example, "Ahmed (4)" refers to Request No. 4 within the SEC's First Request for Production of Documents to Ahmed.

Jason Gottlieb
April 16, 2026
Page 2

2. All Internal Revenue Service W-2 and 1099 Forms for all employees who filled positions created by NYC Green in accordance with the EB-5 Program. (Ahmed (31), NuRide (30), NYC Green (16), EV Mobility (14).)

3. Documents sufficient to identify vehicle registration information for all vehicles purchased by NYC Green. (Ahmed (18), NuRide (17), NYC Green (8).)

4. Rideshare Agreements:

   a. All contracts, agreements, and invoices between NYC Green and Uber Technologies, Inc. and any other rideshare or taxi company; and

   b. All contracts, agreements, and invoices between NuRide and Uber Technologies, Inc. and any other rideshare or taxi company.

(NYC Green (20), NuRide (37).)

5. $11 Million NYC Green Management Investment:

   a. Documents sufficient to identify and describe the $11,000,000 in assets or non-EB-5 capital invested into NYC Green by NYC Green principals, as referenced in NYC Green offering documents, including the NYC Green offering memoranda and NYC Green Project Brochures;

   b. Documents sufficient to identify and describe the value of any software or intellectual property transferred to NYC Green in connection with any $11,000,000 investment by NYC Green principals in NYC Green;

   c. Any contracts or agreements in connection with the transfer of any software or intellectual property to NYC Green; and

   d. All communications with NYC Green investors concerning any $11 million investment into NYC Green by NYC Green principals, as referenced in NYC Green offering memoranda and NYC Green Project Brochures.

(Ahmed (18), NuRide (17), NYC Green (8).)

6. 2018 Edwin Shaw Payment:

   a. Documents and communications sufficient to identify who executed, ordered, instructed, or caused any NYC Green and/or NuRide transfer of funds in connection with Edwin Shaw's 2018 payment to the Commission, as referenced

Jason Gottlieb
April 16, 2026
Page 3

> in paragraphs 105 through 122 of the Commission's complaint in this Action (DE 1);

> b. All communications involving and concerning NYC Green investor Vivek Agarwal; and

> c. All contracts, agreements, loans, promissory notes, and invoices between NuRide and Edwin Shaw and between NYC Green and Edwin Shaw.

(Ahmed (14, 18, 35, and 36), NuRide (14, 17, 33, 34, and 37), NYC Green (5, 8, 19, and 20).)

7. Any contract, agreement, loan, or promissory note between NuRide and NYC Green. (Ahmed (18), NuRide (17), NYC Green (8).)

8. Documents and communications, including agreements and contracts, sufficient to identify and describe the use of NYC Green investor funds for the purchase and/or lease of real property. (Ahmed (18), NuRide (17), NYC Green (8).)

9. Documents and communications sufficient to identify NYC Green and/or NuRide officers and/or employees who controlled, ordered or caused the transfer of NYC Green investor funds. (Ahmed (18), NuRide (17), NYC Green (8).)

10. Documents and communications sufficient to identify NYC Green and/or NuRide officers and/or employees who drafted and/or distributed NYC Green offering documents (including advertisements, business plans, offering memoranda, operating agreements, brochures, and subscription agreements). (Ahmed (21), NuRide (20), NYC Green (10), EV Mobility (8).)

11. Documents and communications sufficient to identify and describe all marketing of the NuRide Offerings[3] and/or soliciting of potential investors of the NuRide Offerings, including through conference attendance, website postings, travel, and podcast appearances. (Ahmed (21), NuRide (20), NYC Green (10), EV Mobility (8).)

12. Documents and communications sufficient to identify and describe NuRide, NYC Green, Med Trans,[4] and EV Mobility policies and procedures to review and verify the accreditation status of prospective investors in the NuRide Offerings. (Ahmed (23-26), NuRide (22-25), NYC Green (12) EV Mobility (10).)

---

[3] "NuRide Offerings" collectively refers to the securities offerings of NYC Green, Med Trans EB-5 Fund, LLC, and EV Mobility.
[4] "Med Trans" refers to Co-Defendant entity, Med Trans EB-5 Fund, LLC.

Jason Gottlieb
April 16, 2026
Page 4

13. NuRide general ledgers for June 2023 through the present; NYC Green general ledgers for June 2023 through the present; EV Mobility general ledger for June 2023 through the present; and Med Trans general ledgers for June 2019 through the present. (Ahmed (28), NuRide (27), NYC Green (13), EV Mobility (11).)

14. NuRide balance sheets for December 2016 through the present; NuRide income statements for 2015 and December 2016 through the present; all NuRide cash flow statements; NYC Green balance sheets for December 2016 through the present; NYC Green income statements for 2015 and December 2016 through the present; all NYC Green cash flow statements; all EV Mobility balance sheets and financial statements; and all Med Trans balance sheets and financial statements. (Ahmed (29), NuRide (28), NYC Green (14), EV Mobility (12).)

15. All agreements, contracts, loans, promissory notes, and invoices concerning the transfer of NYC Green investor funds to Terrazola Builders LLC. (NYC Green (37).)

16. Documents sufficient to identify and describe any **contracts; agreements; loans; promissory notes; employment agreements**; and all financial transactions including, but not limited to, invoices, checks and other records of payment between Ahmed and NYC Green, Ahmed and NuRide, Ahmed and EV Mobility, Ahmed and Med Trans, and Ahmed and Terrazola Builders. (Ahmed (39), NuRide (38), NYC Green (21), EV Mobility (19).) [Please prioritize the materials in bold text.]

17. Documents sufficient to identify and describe any **contracts; agreements; loans; promissory notes; employment agreements**; and all financial transactions including, but not limited to, invoices, checks and other records of payment between NYC Green and Mona Shah, NuRide and Mona Shah, and EV Mobility and Mona Shah. (NuRide (38), NYC Green (21), EV Mobility (19).) [Please prioritize the materials in bold text.]

18. Documents sufficient to identify and describe any **contracts; agreements; loans; promissory notes; employment agreements**; and all financial transactions of at least $5,000, including, but not limited to, invoices, checks and other records of payment between NYC Green and MSA Law, NuRide and MSA Law, EV Mobility and MSA Law, Med Trans and MSA Law, and Terrazola Builders and MSA Law. (NuRide (37), NYC Green (20), EV Mobility (18).) [Please prioritize the materials in bold text.]

19. All documents produced by You to the United States Attorney's Office and/or the Federal Bureau of Investigation in connection with *United States v. v. Nadim Ahmed*, 23-mj-563 (S.D.N.Y.). (Ahmed (43), NuRide (41), NYC Green (24), EV Mobility (22).)

20. Any documents and communications responsive to the SEC's First Requests for the Production of Documents to your clients, previously produced by You in the NY-9454

Jason Gottlieb
April 16, 2026
Page 5

Investigation, whose return or segregation you sought after an assertion of privilege. (Ahmed (45), NuRide (43), NYC Green (26), EV Mobility (24).)

Request 20 refers to the 5,721 documents NuRide previously produced in the NY-9454 Investigation but later asserted were "presumptively attorney-client privileged" and listed in a privilege log provided to the SEC, dated April 2, 2024 ("April 2024 Privilege Log"). You have told us that these documents were identified not by a document-by-document privilege review, but by the use of search terms.

As noted in our previously provided May 24, 2024 letter (attached hereto), we disagree with your assertion that all of the documents and communications on the April 2024 Privilege Log are privileged, particularly given Mona Shah's non-legal roles in connection with NuRide and its offerings and the continued absence of a privilege review. In response to our document requests, we ask that you perform an actual privilege review of these documents and provide a revised privilege log with the information required by Fed. R. Civ. P. 26(b)(5)(A), so that we may evaluate the "presumptive privilege" assertion. Additionally, we ask that you provide the basis for your contention that these documents were inadvertently produced and that any privilege has not been waived, including identifying the precautions taken to prevent inadvertent disclosure and all efforts to rectify the error.

Please respond to our request by April 21, 2026, including whether you will produce the requested materials.

Sincerely,

s/ *Chevon Walker*
Chevon Walker
Ariel Atlas
Austin Thompson
Securities and Exchange Commission
(212) 336-0090 (Walker)

Enclosure

cc:    Gayle Pollack
       Genny Ngai
       Emma McGrath
       gpollack@morrisoncohen.com
       gngai@morrisoncohen.com
       emcgrath@morrisoncohen.com

       *Counsel for Nadim Ahmed, NuRide*

Jason Gottlieb
April 16, 2026
Page 6

> *Transportation Group, LLC, NYC Green*
> *Transportation Group, LLC, and NYC EV*
> *Mobility LLC*
>
> Molly White
> McGuire Woods LLP
> mwhite@mcguirewoods.com
>
> *Counsel for Defendants Mona Shah,*
> *Mona Shah & Associates PLLC, Gravitas*
> *NYC Regional Center, LLC, and Med Trans*
> *EB-5 Fund, LLC*



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

**DIVISION OF**
**ENFORCEMENT**

May 24, 2024

**By Email**

Gayle Pollack
Morrison Cohen LLP
909 Third Avenue
New York, NY 10022
gpollack@morrisoncohen.com

    **Re:**    **In the Matter of NYC Green Transportation (NY-10138)**

Dear Ms. Pollack:

Thank you for providing your April 2, 2024 letter and revised privilege log (the "April 2024 Privilege Log"). While we appreciate that excluding documents and communications with certain third parties has reduced the more than 22,300 documents you previously identified as "presumptively attorney-client privileged" to 5,721, you acknowledged in your letter that you did not conduct a privilege review of those documents and instead exclusively used search terms. Thus, again, we ask that you perform an actual privilege review of the now reduced number of documents listed on the April 2024 Privilege Log.

As you know, NuRide Transportation Group, LLC ("NuRide") produced the documents at issue in November 2016 and January 2017, in connection with a prior SEC investigation, NuRide Transportation, NY-09454 ("2016 Investigation"), which resulted in a 2018 settlement with Edwin Shaw LLC ("Edwin Shaw") a New York company owned by Mona Shah ("Shah") and Nadim Ahmed. According to the findings of the SEC's Order, which Edwin Shaw neither admitted nor denied, between April 2014 and March 2017, Edwin Shaw solicited foreign nationals interested in applying for legal residency through the federal government's EB-5 Immigrant Investor Program to invest in securities issued by a taxi and limousine company based in Queens, New York and obtained fees in connection with those solicitations. Edwin Shaw was not registered with the SEC as a broker or dealer when it engaged in the solicitations and otherwise effectuated these securities transactions, thereby violating Section 15(a)(1) of the Securities Exchange Act of 1934. Edwin Shaw then used approximately $400,000 of the investor fees on its own expenses and personal expenses of Edwin Shaw's principal. Edwin Shaw paid approximately $544,000 to resolve the matter. Mona Shah & Associates ("MSA Law") represented NuRide in connection with that investigation.

Gayle Pollock, Esq.
May 24, 2024
Page 2

SEC investigative staff in the current NYC Green (NY-10138) investigation did not believe that the documents produced by NuRide in the 2016 Investigation were either privileged or inadvertently produced for several reasons:

First, in addition to serving as NuRide's legal counsel, Shah served in multiple non-legal roles in connection with NuRide's business and that of other associated entities, as evidenced by Shah's partial ownership of Edwin Shaw. Thus, the inclusion of non-privileged communications between Shah and NuRide personnel in the NuRide productions is consistent with Shah's multiple roles. Indeed, as counsel for NuRide and participants in certain of the communications, Shah and MSA Law were well-positioned to assess whether any of the documents at issue were privileged. Second, the vast majority of the documents were accompanied by detailed cover letters. Third, the documents were produced by a law firm, which presumably conducted a privilege review to preserve confidentiality. Further, as you are also aware, in a June 9, 2023, email to your firm (as counsel to NuRide), the SEC highlighted and attached communications involving Shah from the NuRide NY-09454 production to demonstrate that withholding such documents as presumptively privileged in the NYC Green (NY-10138) investigation was baseless. In response to that communication, NuRide did not claim that those documents were privileged or seek to claw them back.

Despite assertions in your letter, the April 2024 Privilege Log does not provide "all required information for [the SEC] to evaluate the NuRide Affiliates' privilege assertions." In fact, over 1,500 of the documents listed are identified by nothing more than a bates number, date, and an attorney-client privilege assertion, providing no means for the SEC to evaluate the "presumptive privilege" assertion. Indeed, the case you cite in your April 2, 2024 letter requires more. *Rekor Sys., Inc. v. Loughlin*, No. 19-cv-7767 (LJL), 2021 WL 5450366 (S.D.N.Y. Nov. 22, 2021) (noting that a privilege log must contain sufficient information to permit the receiving party to make an intelligent determination about the validity of the privilege assertion). Additionally, again, *see von Bulow v. von Bulow*, 811 F.2d 136, 147 (2d Cir. 1987); *In re Leslie Fay Cos. Sec. Litig.*, 161 F.R.D. 274, 284 (S.D.N.Y. 1995); and *Bennett v. Cuomo*, No. 22-cv-7846, 2023 WL 7624669, at *1 (S.D.N.Y. Nov. 14, 2023), all requiring more than blanket privilege assertions. While Local Civil Rule 26.2(c) contemplates the provision of a group or category privilege log, it also provides that the recipient party "may object if the substantive information required by this rule has not been provided in a comprehensible form." In this case, for at least 1,500 documents, information required by Local Civil Rule 26.2, including the type of document, general subject matter, author, or recipient, has not been provided in any form.

Further it appears that your reliance on search terms has resulted in the inclusion of business communications, which are not privileged, highlighting the need for a document-by-document review. Attorney-client "privilege attaches only when a client seeks legal advice or services, as opposed to business advice." *In re Leslie Fay Cos. Sec. Litig.*, 161 F.R.D. at 282 (citation omitted). As you are aware, Shah held a number of non-legal roles in connection with NuRide and its offerings, thus a categorical assertion of privilege as to all communications with Shah and MSA Law, which would include non-legal, business communications, is insufficient.

Gayle Pollock, Esq.
May 24, 2024
Page 3

For example, a number of documents listed on the April 2024 Privilege Log are identified by subject lines that suggest business, as opposed to legal, subject matter, such as "new potential investor" (SEC-DEF-EPROD-000122363), "Investors visiting NYCGT today" (SEC-DEF-EPROD-000128190), and "Baruch College EB-5 Conference" (SEC-DEF-EPROD-000045968).

Again, we disagree with your assertion that all of the documents and communications on the April 2024 Privilege Log are privileged, particularly given the continued absence of a privilege review. Additionally, we ask that you provide the basis for your contention that the 5,721 documents contained in the NuRide NY-9454 production were inadvertently produced and that any privilege has not been waived, including identifying the precautions taken to prevent inadvertent disclosure and all efforts to rectify the error. Further, please confirm that the April 2024 Privilege Log is a subset of your December 22, 2023 Privilege Log, and does not include documents not previously included on the December 22, 2023 Privilege Log.

While we await an adequate privilege log, we have sequestered the documents listed in the April 2024 Privilege Log in our production database. Also, we are in the process of conducting a search for documents listed on the April 2024 Privilege Log that are copied elsewhere in our files and we will take steps to sequester them.

We reiterate our request for an adequate privilege log that is the result of a meaningful privilege review.

Sincerely,

s/ *Chevon Walker*
Chevon Walker
Ariel Atlas
Alison Conn
Securities and Exchange Commission
(212) 336-0090 (Walker)