

Jason Gottlieb
Partner
(212) 735-8837
jgottlieb@morrisoncohen.com

June 9, 2026

**BY ECF**

Hon. Robert W. Lehrburger
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Room 1960
New York, NY 10007

     Re:     *SEC v. Ahmed, et al*., 23-cv-10210 (S.D.N.Y.)

Dear Judge Lehrburger:

While the NuRide Defendants are, of course, pleased to attend a discovery conference with the Court, we write to begin to set the record straight, because the SEC has (once again) misrepresented facts and circumstances in order to try to paint defendants in an unflattering light.

After a bruising non-public investigation in which the SEC collected over 100,000 documents from all of the defendants in this case (and bankrupted the NuRide Defendants in the process), the SEC decided to repeat its abuse in discovery in this litigation.

The SEC originally issued a total of at least 138 document requests to the NuRide Defendants. Many were extraordinarily burdensome. Many had many subparts. Many called for "all" documents, or, worse, "all" communications. Many called for documents regarding events well outside the statute of limitations. The cost of responding in full would have been extraordinary.[1] To make it worse, many of those requests were completely irrelevant to any claims or defenses in this case. The point of the requests was not truly document discovery. It was to continue to punish a disfavored target, another phase in the SEC's ongoing campaign to destroy these companies, because one or two staffers drew an early, wrong conclusion based on incomplete information, and haven't ever been able to admit they were wrong.

The SEC knows, with exacting certainty, that the NuRide Defendants do not have the funds to respond. The SEC knows this because (1) the SEC collected all of the relevant bank records during its investigation, and (2) used the investigation to scare off all of the NuRide Defendants' business partners, including their major contract partner, destroying their businesses and leading

---

[1] The notion that NuRide could save money by not reproducing documents that the SEC already collected in its blunderbuss investigation is not a serious point: in order to not reproduce previously-produced documents, NuRide would have to examine both the new materials, and the old production, and compare them, costing even more. NuRide cannot afford this type of production.

Hon. Robert W. Lehrburger
June 9, 2026
Page 2

to over 100 layoffs.  The SEC deliberately destroyed this business, which has not recovered.  The SEC knows this as well.

For this reason, the NuRide Defendants respectfully asked the SEC to focus on only its **actually necessary** requests.  The SEC responded by "narrowing" its requests, slightly, but still was asking for far more than was relevant, or necessary.  *See* SEC Letter of February 17, 2026 (requesting at least 80 categories of documents, when considering all the different defendants who were being asked to respond, and NuRide's email response of February 17, 2026 requesting a narrowed set of requests).  After a second request to narrow the field, the SEC responded with – depending on how you count the subparts – the same, if not more, requests.  *See* letter of SEC Letter of April 16, 2026 (requesting – again – at least 80 categories of documents, and NuRide's response of April 21, 2026 objecting to the requests).  The SEC never truly narrowed the requests to what was necessary for their case.  It was just more bombardment.

Worse, when the NuRide Defendants sent a Rule 11 letter to the SEC, demonstrating that the SEC filed this case without doing the necessary basic investigation of basic facts, and misstating the law, the SEC responded with **even more** requests, designed to fill in the holes from their incomplete investigation, and retroactively discover information that, they hoped, would render their Complaint non-sanctionable.  (Rule 11 does not work that way; the Complaint was supposed to be supported by facts and legal theories **when filed**.)  *See* SEC Interrogatories and RFAs sent to the NuRide Defendants on March 13, 2026; *see also* additional RFAs sent on May 11, 2026 and Document Requests sent on May 13, 2026.

Now, with document discovery on the verge of closing, the SEC is demanding a conference to compel discovery.  But what discovery, documents, or even categories the SEC is now demanding are unclear.  The only specifics we can glean from the SEC's letter is that they are seeking offering documents, investor communications, and financial records – all of which the SEC already collected in the investigation.

But the SEC's June 4 letter isn't really even that specific.  It seeks "an order compelling production of **all** documents responsive to its requests" (emphasis added) – all 138 of them, we suppose, with no framing of which requests they are addressing, how they are responding to the many valid objections that we have asserted, or any analysis of those objections whatsoever.  This sort of presentation is improper.  We have no idea how the Court is supposed to deal with it.

The only other specific issue the SEC raises is an assertion that the SEC should be allowed to review privileged attorney-client communications, from a previous SEC matter that was fully settled, literally a decade ago.  The answer to that request is an easy no.[2]

---

[2]    The SEC argues that the privileged communications should not be privileged in part because of the "crime-fraud exception," arguing that one of the lawyers in question, Ms. Mona Shah, may have been acting "in furtherance of contemplated or ongoing criminal or fraudulent conduct."  That statement is as dangerous as it is false and deeply insulting.  If the SEC made such a statement outside the protections of a litigation,

Hon. Robert W. Lehrburger
June 9, 2026
Page 3


All of this is made worse because we don't know whether the SEC has produced the documents we requested.  As of June 1, 2026, the SEC had not (yet?) produced a host of documents that NuRide requested, such as non-privileged communications between it and a host of third parties with which we expect the SEC communicated, nor any privilege logs.  The SEC had also asserted a host of improper objections.  Such behavior is highly unusual in SEC litigations.  Typically, the SEC just produces its case file at the outset of discovery, and is finished.  Not this team.  This team decided, on June 2, 2026, with document discovery nearing its end, to produce additional documents, and then demand a discovery conference before we had any chance to review them.  We have not yet had the opportunity to review, even categorically, what the SEC has sent.  As we have previously informed the SEC, the NuRide Defendants do not have the funds to download them or put them on a review platform, making any review particularly challenging.

We would request the SEC at least send us a cover letter explaining what it has produced, what it is objecting to producing, and whether anything is left to produce.  But sending documents this late in the game, and then demanding a discovery conference two days later, is another sharp point of practice.

As a result, the NuRide Defendants request the same order that the SEC has requested:  "an order compelling production of **all** documents responsive to its requests," regardless of the SEC's objections.  We will extend the SEC the same courtesies they have extended us; to the extent that the SEC has already produced the documents we requested, those documents need not be re-produced.

Respectfully submitted,


/s/ Jason Gottlieb

cc:    Chevon Walker
       Austin Thompson
       Molly White (counsel for the Shah Defendants)

---

it would be defamation per se.  And if the government could review any privileged materials merely by asserting uncharged criminality, then privilege is meaningless.

Ms. Shah is a defendant in this case **only** on a civil charge of aiding and abetting a violation of Section 5 of the 1933 act – decidedly not a criminal charge, or even a civil fraud charge.  Frankly, the SEC owes Ms. Shah a written and public apology for their statement.  For a government agency to make an allegation of criminality, in a public forum, with zero evidence, is a distasteful and abhorrent abuse of the power of the federal government.  The SEC should know to behave better.