

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

NEW YORK
REGIONAL OFFICE

June 12, 2026

**By ECF**
Hon. Robert W. Lehrburger
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Room 1960
New York, NY 10007

     Re:  *SEC v. Ahmed, et al.*, 23 Civ. 10210 (VSB) (RWL)

Dear Judge Lehrburger,

     Pursuant to Local Rule 37.2 and the Court's Individual Practices Rule II(D), Plaintiff Securities and Exchange Commission ("SEC") respectfully responds to the June 9, 2026, letter filed by Defendants Nadim Ahmed; NuRide Transportation Group, LLC; NYC Green Transportation Group, LLC; and NYC EV Mobility LLC's (collectively, the "NuRide Defendants") seeking an order compelling production. (DE 82.) The cross-motion should be denied. The SEC has completed its production of responsive documents from its investigative file, along with a privilege log of documents withheld, thus the NuRide Defendants' motion to compel is moot.

     On January 6 and March 20, 2026, the SEC produced over 212 gigabytes of documents. On June 2, it produced additional third-party documents, investigative files, and more than 3,200 emails spanning seven years and two investigations, along with a privilege log. According to the SEC's file transfer tracking data, the NuRide Defendants have not downloaded the June 2 production—despite moving to compel it. On June 10, the SEC produced PDF versions of the June 2 documents at the NuRide Defendants' request, a 2016 submission by co-defendant Mona Shah & Associates from a related investigation, and cover letters accompanying productions exchanged between the SEC and other government agencies. Aside from sending the NuRide Defendants any third-party productions the SEC continues to receive in this litigation, the SEC has completed its production of documents from its investigative file in response to the NuRide Defendants' 176 requests for production.[1]

     The NuRide Defendants' cross-motion rests expressly on reciprocity with the SEC's motion.  But that premise fails because the SEC has completed production of non-privileged documents requested from its investigative file while the NuRide Defendants have not produced anything in civil discovery the SEC has asked for.

---

[1] The SEC continues to receive productions from third parties, particularly U.S. Customs and Immigration Services, in response to requests issued prior to the Court's April 1, 2026 Order to stay all discovery other than document discovery between the parties. (DE 76.)

Hon. Robert W. Lehrburger                                                                                    Page 2

The NuRide Defendants' June 9, 2026 letter-motion was the first notice the SEC received of any request for a cover letter explaining its productions, objections, and remaining obligations. The SEC maintains its previously-asserted objections and has provided indexes of its June 2 production to the NuRide Defendants.

The SEC rejects the NuRide Defendants' suggestion that it has acted in bad faith. The SEC served discovery requests in December 2025, met and conferred on February 4, 2026, and twice prioritized those requests for Defendants. On April 21, the NuRide Defendants agreed to produce documents responsive to at least one request, and then produced nothing. To date, the NuRide Defendants have produced nothing in civil discovery. When SEC counsel emailed on April 29 to schedule a second meet-and-confer, the NuRide Defendants' counsel did not respond. The SEC moved only after six months without a single document.

The NuRide Defendants' suggestion that the SEC's discovery requests reveal an inadequate pre-filing investigation is incorrect. Rule 26(b)(1) authorizes discovery on any nonprivileged matter relevant and proportional to the needs of the case, and the SEC's prior investigation does not narrow that entitlement. *See SEC v. Rayat*, No. 21-cv-4777 (LJL), 2022 WL 1423300, at *3 (S.D.N.Y. May 5, 2022) ("[N]o rule of law requires the SEC to request in the investigative stage every document that might turn out to be relevant in the litigation phase."); *id.* ("The SEC need not have accumulated all of the evidence that it will ultimately need to win the case before it brings a case."). The NuRide Defendants also assert that "many of [the SEC's] requests were completely irrelevant" to its claims. That assertion is difficult to reconcile with their claim that the SEC is seeking documents now that it should have obtained before filing.

Finally, the NuRide Defendants' suggestion that the SEC's Complaint lacked factual and legal support, contrary to the requirements of Rule 11, is meritless. The SEC's allegations were well-founded at the time of the Complaint and are supported by evidence developed in discovery. The NuRide Defendants submitted their "Rule 11 letter" to the SEC more than three months ago. The SEC responded fully to those letters and the NuRide Defendants have not proceeded with serving or filing any motion. Courts have condemned this practice of threatening sanctions as a "tactic of intimidation." *United States ex rel. Jersey Strong Pediatrics, LLC v. Wanaque Convalescent Ctr.*, No. 14-cv-06651, 2019 WL 7116208, at *3 (D.N.J. Nov. 25, 2019), report and recommendation adopted *sub nom. United States v. Wanaque Convalescent Ctr.*, No. 14-cv-14665, 2019 WL 7049449 (D.N.J. Dec. 23, 2019) ("Defendants did not follow through with the threats of a Rule 11 motion, which could suggest that the purpose of the [Rule 11] letter was to intimidate Relator."). This Court should not be distracted by Defendants' baseless accusations.[2]

---

[2] The SEC's reference to the crime-fraud exception was appropriate. The SEC alleges that Ahmed, NuRide, and NYC Green defrauded investors, and the clawed-back communications involved those defendants, their personnel, and Shah in connection with the same offerings. The exception turns on the client's intent, not the attorney's, *see SEC v. Herman*, 2004 WL 964104, at *2 (S.D.N.Y. May 5, 2004), so invoking it was not an accusation of wrongdoing against Shah.

Hon. Robert W. Lehrburger                                                                                      Page 3


                                                  Respectfully submitted,

                                                  s/ *Chevon Walker*_____
                                                  Chevon Walker
                                                  Austin Thompson
                                                  Counsel for Plaintiff
                                                  Securities and Exchange Commission
                                                  (212) 336-0090 (Walker)
                                                  WalkerCh@sec.gov

cc:      All counsel of record (by ECF)