UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

DIVISION OF
ENFORCEMENT

August 11, 2026

**By ECF**
Hon. Robert W. Lehrburger
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Room 1960
New York, NY 10007

Re: *SEC v. Ahmed, et al.*, 23 Civ. 10210 (VSB) (RWL)

Dear Judge Lehrburger,

Pursuant to the Court's July 21, 2026 Order (DE 89), Plaintiff Securities and Exchange Commission ("SEC") and Defendants Nadim Ahmed; NuRide Transportation Group, LLC; NYC Green Transportation Group, LLC; and NYC EV Mobility LLC (collectively, the "NuRide Defendants") respectfully submit this status update concerning the parties' attempts to reach agreement on their respective requests for the production of documents. The SEC has completed production of its investigative files and does not intend to produce additional documents. The NuRide Defendants have produced documents responsive to one of the requests in the SEC's April 16, 2026 letter prioritizing its requests ("SEC's April 16 Letter") and have agreed to search for and produce several categories of additional responsive documents (should those documents exist). Should the parties fail to reach agreement on any further production, the SEC proposes the following briefing schedule for any motions to compel: opening briefs due on **September 10, 2026**; oppositions due on **October 1, 2026**; and any replies due on **October 8, 2026**. For reasons set forth in more detail below, the NuRide Defendants instead propose to delay briefing these issues pending the Court's decision on the Defendants' motions to dismiss. (DE 28-29, 32-35.)

Background

On June 4, 2026, the SEC filed a pre-motion letter pursuant to Local Rule 37.2 and the Court's Individual Practice Rule II(D) to request a conference and seek an order compelling discovery from the NuRide Defendants. (DE 81.) On June 9, 2026, the NuRide Defendants responded with a letter requesting an order compelling production from the SEC. (DE 82.) The SEC responded to the NuRide Defendants' cross-motion on June 12, 2026 (DE 87) and a Court conference followed on July 21, 2026. At the July 21 conference, the Court ordered the parties to meet and confer to attempt to narrow their requests and to then file a joint letter by August 11 identifying remaining issues and proposing a briefing schedule. (DE 87.) Also, the Court ordered the SEC to identify any documents withheld on the basis of any objection other than attorney-client privilege or the work product doctrine, which the SEC has done. (*Id.*) The SEC and the

NuRide Defendants have met and conferred twice, for over an hour on each occasion, since July 21 but have been unable to reach full agreement on their respective requests.

Outstanding Requests

**SEC's Position**: The SEC continues to seek documents concerning central aspects of the securities offering at issue in this case. The SEC's complaint alleges that in connection with raising over $66 million from more than 100 investors, Ahmed, NuRide, and NYC Green misrepresented the NYC Green business structure on which investors' immigration applications depended, falsely claimed that management invested $11 million in NYC Green, and used investor funds for an affiliated entity's—Edwin Shah's—SEC settlement.[1] The SEC further alleges that the NuRide Defendants offered and sold unregistered securities.

The SEC has therefore requested that the NuRide Defendants produce their solicitations and communications with investors, and documents showing how investor funds were used, NYC Green's job creation and business structure, and financial arrangements with Edwin Shaw. The SEC has prioritized its document demands to those in its April 16 Letter. Nevertheless, the NuRide Defendants have produced documents responsive to only one of those requests, and are searching for certain documents responsive to only six others but have not indicated when they will provide an update on that search. The NuRide Defendants object primarily on the grounds of relevance and that the requests are unduly burdensome due to cost. Also, the SEC continues to seek documents that the NuRide Defendants previously produced and subsequently asserted were subject to attorney-client privilege, including exhibits used in investigative testimony. The NuRide Defendants have agreed to review those exhibits to consider if they are privileged.

On July 28, the SEC provided the NuRide Defendants with a list of documents that the SEC withheld pursuant to objections other than attorney-client privilege or the work product doctrine. As to 9 of the NuRide Defendants' 176 requests for production, the SEC objected to the requests as improper and withheld documents on grounds other than attorney-client privilege or the work product doctrine. Among those requests, the NuRide Defendants seek, for example, documents from other, unrelated SEC investigations, internal policy documents, and SEC training records, none of which are relevant to any parties' claims or defenses in this case. The SEC continues to object to the production of such documents, including based on attorney-client privilege and/or the work product doctrine as to some. Counsel for the NuRide Defendants expressed that certain of their requests are relevant to a potential motion pursuant to Federal Rule 11. Such a motion is not before the Court nor have the NuRide Defendants sought leave of the Court for such discovery, which "district courts in this District – and elsewhere – routinely deny." *See Bay Street Advisors v. Mahoney*, Civ. No. 24-9134 (BCM), 2025 WL 3506012, at *4 (S.D.N.Y. Sept. 2, 2025); *see also* Fed. R. Civ. P. 11 advisory committee's note to 1983 amendment.

**NuRide Defendants' Position**: As this Court has heard repeatedly, the SEC's investigation destroyed several NuRide-related businesses, drove away their contract partners,

[1] The NuRide Defendants offered securities in connection with the EB-5 program, under which foreign nationals can obtain permanent U.S. residency through investments that create American jobs, if certain conditions are met.

drained all their resources, and caused over 100 jobs to be lost. The SEC wants to put the NuRide Defendants out of business, and does not seem to care if that happens through an inordinately expensive investigation and litigation, instead of any finding of liability.

The SEC made hundreds of document requests, mostly for documents already produced in the investigation, or that were completely irrelevant to the allegations in the Complaint. When asked to narrow its requests, the SEC first "narrowed" them to just over 100. When asked again, the SEC responded with 20 requests for each of 4 different defendants.

The NuRide Defendants have already produced documents responsive to the SEC's Request No. 5 from that Letter. In the parties' meet-and-confer sessions, the NuRide Defendants agreed to search for documents to six additional categories requested by the SEC (for clarity, Request Nos. 3, 4, 11, 12, 13, and 14 from the SEC's April 16 letter), and produce those documents if they exist, notwithstanding their irrelevance. Thus, the NuRide Defendants have agreed to produce 7 of the 20 "narrowed" requests. The SEC is apparently not satisfied (although has not made clear what would satisfy). The NuRide Defendants maintain their objections to the remainder of the SEC's requests, which call for inordinately expensive collections of communications; documents that are irrelevant to the SEC's claims; and other infirmities.

The SEC, for its part, has declared that it is not going to produce a number of categories of documents, for reasons that are not well-founded, and that are squarely relevant to defenses in this case. The SEC declined to make any accommodations for <u>any</u> of these requests – even requests that are very low in burden to produce.

All of these issues can be addressed individually at the appropriate time. But that time does not have to be now. The briefing for these issues will take many, many hours (and cost commensurate dollars). The NuRide Defendants do not currently have the funds to undertake such briefing. And worst of all, we still have no idea whether any of this production will even be necessary, given that Defendants' motions to dismiss are still pending. In our view, most of the SEC's claims related to most of the investors at issue were brought untimely; the Section 5 claims are simply wrong on the law, and none of the purported "fraud" was specified with particularity. To illustrate the import of this latter issue: in its Complaint, the SEC generally alleged misrepresentations to investors – without specifying (inter alia) what statements were false, or when they were made. The SEC now asserts that its vague allegations of fraud mean many different things, all of which must result in productions of large categories of documents. Several of the alleged "frauds" the SEC has newly asserted relate to alleged omissions of information that as it turns out, were specifically disclosed in the offering documents. If the SEC had alleged these "frauds" with the requisite particularity, Defendants could have pointed out this fatal flaw in the motion to dismiss. These issues can be resolved later, <u>to the extent necessary</u>, after the rulings on the motions to dismiss.

* * *

For the reasons above, the SEC respectfully requests its proposed briefing schedule, and the NuRide Defendants respectfully request that motion be held in abeyance pending the rulings on the parties' motions to dismiss.

Respectfully submitted,

s/ Chevon Walker
Chevon Walker
Counsel for Plaintiff
Securities and Exchange Commission
(212) 336-0090
WalkerCh@sec.gov

cc: All counsel of record (by ECF).

The parties shall follow the briefing schedule proposed by the SEC. While the Court is sympathetic to Defendants' financial concerns, Defendants pressed the same argument before Judge Broderick, who lifted the stay of discovery notwithstanding. The Court encourages the parties to continue to meet and confer, and with regard for what is reasonable under the circumstances, resolve disputes and thereby obviate the need for briefing.

SO ORDERED:

8/13/2026

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE