# Exhibit 23

**Walker, Chevon N**

**From:** Conn, Alison
**Sent:** Friday, November 10, 2023 3:43 PM
**To:** Gottlieb, Jason; Wang, Alexandra W.
**Cc:** Willenken, Karen E.; Walker, Chevon N; Atlas, Ariel
**Subject:** smail: NY-10138
**Attachments:** 2015-12-06 NY-09454_ARCHIVE-000104424.pdf; 2015-12-07 NY-09454_ARCHIVE-000075286.pdf; 2015-12-08 NY-09454_ARCHIVE-000042105.pdf; 2016-01-07 NY-09454_ARCHIVE-000041986.pdf; 2016-04-08 NY-09454_ARCHIVE-000104821.pdf; 2016-04-27 NY-09454_ARCHIVE-000011519.pdf; 2016-05-24 NY-09454_ARCHIVE-000104695.pdf; 2016-10-12 NY-09454_ARCHIVE-000031701.pdf; 2016-10-13 NY-09454_ARCHIVE-000053177.pdf; 2016-10-23 NY-09454_ARCHIVE-000086205.pdf; NuRide Transportation_20161129_Cover Letter.pdf; 2015-07-07 NY-09454_ARCHIVE-000116045.pdf; 2015-07-08 NY-09454_ARCHIVE-000022520.pdf; 2015-07-17 NY-09454_ARCHIVE-000115819.pdf; 2015-07-23 NY-09454_ARCHIVE-000021403.pdf; 2015-08-22 NY-09454_ARCHIVE-000043432.pdf; 2015-09-14 NY-09454_ARCHIVE-000042768.pdf; 2015-11-19 NY-09454_ARCHIVE-000104644.pdf

Dear Jason,

Attached please find documents that were produced to Commission investigative staff by NuRide in connection with an earlier investigation captioned In the Matter of NuRide Transportation (NY-9454), which led to a settlement announced in March 2018.[1] At the time of the production, NuRide was represented by Mona Shah & Associates, PLLC (the "Shah Firm"), which produced documents on behalf of NuRide and the Shah Firm to the SEC in response to subpoenas issued by the staff. The cover letter for the production, dated November 29, 2016, is attached.

That NuRide production contained a substantial number of communications that involved representatives of both the Shah Firm and NuRide. As you know, we provided examples of these communications in our email to you dated June 9, 2023; you did not respond to that email. We are now bringing to your attention certain additional documents, also from that production, which also involve the Shah Firm and NuRide. These documents appear to have been produced intentionally and do not appear to be subject to any privilege. If any of the documents were privileged, such privilege has been waived. In an abundance of caution, however, we are giving you the opportunity to inform us if you take a different position concerning whether a valid claim of privilege applies to any of these documents.

If your client takes the position that a valid privilege can be asserted over any of these documents at this time, please notify us of that fact in writing and describe the basis for your client's claim of privilege, including the names of the participants (authors/recipients) in the document, the date, and subject matter of any of the documents over which your client is asserting a privilege. If you plan to assert a privilege over only part of a document, your notice should include a redacted version of the document. If you contend that the prior production of these documents by counsel on behalf of NuRide does not constitute a waiver, please explain the basis for that contention.

Sincerely,

Alison

[1] Due to the way in which these documents were produced, many emails have associated “attachments” that consist of company or social media logos. We have not included such attachments but have included any substantive attachments to the emails.

**Alison Conn**
Assistant Regional Director
Division of Enforcement | New York Regional Office
**OFFICE** +1 212 336 0933
**MOBILE** +1 718 431 5633
conna@sec.gov

U.S. Securities and Exchange Commission

[1] Due to the way in which these documents were produced, many emails have associated “attachments” that consist of company or social media logos. We have not included such attachments but have included any substantive attachments to the emails.