**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**SECURITIES AND EXCHANGE COMMISSION,**

**Plaintiff,**

**-against-**

**NADIM AHMED a/k/a NADIM KHAN,**
**MEHREEN SHAH a/k/a MONA SHAH,**
**NURIDE TRANSPORTATION GROUP, LLC,**
**NYC GREEN TRANSPORTATION GROUP, LLC,**
**MED TRANS EB-5 FUND, LLC,**
**NYC EV MOBILITY LLC,**
**GRAVITAS NYC REGIONAL CENTER, LLC f/k/a NYC TRANSPORTATION REGIONAL CENTER, LLC, and**
**MONA SHAH & ASSOCIATES, PLLC,**

**Defendants.**

**23 Civ. 10210 (VSB)(RWL)**

**DECLARATION OF CHEVON WALKER IN SUPPORT OF PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO THE NURIDE DEFENDANTS' MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS**

I, CHEVON WALKER, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am an Assistant Director (formerly Senior Trial Counsel) in the Enforcement Division of Plaintiff Securities and Exchange Commission ("Commission" or "SEC") and have been employed in the Commission's New York Regional Office since 2016.

2. I have worked on this enforcement action against the Defendants. I submit this declaration in support of the Commission's Opposition to Defendants Nadim Ahmed ("Ahmed"), NuRide Transportation Group, LLC ("NuRide"), NYC Green Transportation Group, LLC ("NYC Green"), and NYC EV Mobility LLC's ("EV Mobility") (collectively, the "NuRide Defendants") Motion to Compel the Production of Documents (ECF 96-98).

3. I make this declaration based on my personal knowledge, review of the investigative and litigation files in this case, and conversations with other attorneys assigned to this case and support staff.

4. On November 21, 2025, the NuRide Defendants served the Commission with 176 document requests, 239 requests for admission, and 3 interrogatories.

5. On December 22, 2025, the Commission counsel served written responses and objections to each request and interrogatory. In its written responses, the Commission's definition of "responsive documents" included every production, subpoena response, and external communication pursuant to a keyword search, not subject to protections (as listed in the Commission's privilege log) that the Commission staff handled in its investigation leading to this case. The Commission staff utilized the materials in this case file during its investigation.

6. Commission emails are not automatically sorted into case files. In order to produce responsive email correspondence to Defendants, the Commission staff conducted a keyword search within the external emails of SEC personnel assigned to this case and produced over 3,200 responsive emails to Defendants.

7. On January 6, 2026 and March 20, 2026, the Commission produced documents from its investigative files, including more than 212 gigabytes of data. On March 20, 2026, the Commission also provided PDF versions of the documents produced.

8. On June 2, 2026, the Commission produced additional documents from its investigative files, including tips and complaints related to the Defendants, and more than 3,200 emails spanning seven years and two investigations, including the investigation captioned, NuRide Transportation Group (NY-9454) and the investigation captioned, NYC Green Transportation Group, LLC (NY-10138).

9. Also on June 2, 2026, the Commission provided Defendants with a privilege log of documents the Commission withheld.

10. On June 10, 2026, at the NuRide Defendants' request, the Commission produced PDF versions of the June 2, 2026 productions to Defendants. Also on June 10, 2026, the Commission produced spreadsheets listing the bates numbers and producing parties for its June 2, 2026 production to Defendants.

11. The Commission continues to produce documents it receives from third parties, primarily the United States Citizenship and Immigration Services ("USCIS").

12. The Commission used a file transfer system to send productions to Defendants in this case. As of August 19, 2026, the NuRide Defendants had not downloaded any of the productions the Commission sent them via file transfer system between January 6 and June 2, 2026.

13. The file transfer system the Commission used to send productions to the Defendants tracked the activity of each recipient of the emails transmitted, which indicated, by check mark, whether attachments have been viewed or downloaded by each recipient. Counsel for the NuRide Defendants was among the recipients of productions the Commission sent to Defendants in this case.

14. True and correct copies of tracked activity from the file transfer system for the productions the Commission sent Defendants in this case are attached hereto as Exhibits 5 through 10.

15. On December 9, 2025, the SEC served individual Requests for Production of Documents on the NuRide Defendants.

16. On January 8, 2026, the NuRide Defendants responded to each request.

17. The parties met on February 4, 2026 to discuss the Commission's requests and, at that meeting, the NuRide Defendants confirmed they did not intend to produce any responsive documents.

18. On February 17, 2026, the SEC sent a letter to counsel for the NuRide Defendants prioritizing its requests for production.

19. On April 16, 2026, the SEC sent a second letter to the NuRide Defendants, further prioritizing its requests for production.

20. On April 21, 2026, the NuRide Defendants responded to the SEC's April 16, 2026 letter and agreed to produce documents responsive to one (SEC request 5) of the SEC's twenty narrowed requests in its April 16, 2026 letter but declined to produce documents responsive to the other nineteen on various grounds, including relevance and undue burden and cost.

21. On April 29, 2026, SEC counsel emailed counsel to the NuRide Defendants to schedule another meet-and-confer and the NuRide Defendants did not respond.

22. On May 13, 2026, SEC counsel served a second set of requests for production on Ahmed, NuRide and NYC Green, seeking spreadsheets listing NYC Green jobs created.

23. On June 4, 2026, pursuant to Local Rule 37.2, the SEC filed a premotion letter requesting a conference and seeking an order compelling the NuRide Defendants to produce all documents responsive to its requests. (ECF 81.)

24. In response, on June 9, 2026, counsel for the NuRide Defendants filed a premotion letter requesting "the same order that the SEC has requested: 'an order compelling production of **all** documents responsive to its requests,' regardless of the SEC's objections." (ECF 82 at 3 (emphasis in original).)

25. Prior to their June 9, 2026 letter, the NuRide Defendants had not challenged the Commission's responses and objections to requests that are now the basis of their motion to compel (Exhibit 1 attached hereto, NuRide Defendants' First Set of Document Requests, Nos. 1, 2, 3, 12, 13, 14, 15, 19, 30, 175, and 176).

26. On June 12, 2026, the SEC filed a response to the NuRide Defendants' June 9, 2026 premotion letter. (ECF 87.)

27. Also on June 12, 2026, the NuRide Defendants produced 27 documents in response to SEC request 5 in the SEC's April 16, 2026 letter.

28. Also on June 12, 2026, Ahmed, NuRide, and NYC Green responded to the SEC's May 13, 2026 requests for production and objected to the request on grounds, including that the requests were "overbroad, and not reasonably tailored," "unduly burdensome and unnecessary," and "further object[ed] to the extent the Request calls for documents in the custody and possession of USCIS."

29. On July 15, 2026, SEC counsel met and conferred with counsel for the NuRide Defendants. After this meeting, SEC counsel emailed a copy of its previously provided June 2 privilege log to counsel for the NuRide Defendants.

30. Following the July 21, 2026 Court conference, SEC counsel met and conferred with counsel for the NuRide Defendants on July 27, 2026 and August 3, 2026 but were unable to resolve their discovery disputes. During these meet and confer sessions, counsel for the NuRide Defendants did not ask for clarification regarding the Commission's June 2 privilege log or make any objection to the Commission's June 2 privilege log.

31. On July 27, 2026, counsel for the NuRide Defendants told SEC counsel that the NuRide Defendants objected to several requests as too expensive to search for and produce.

Counsel for the NuRide Defendants stated that he would confirm with his clients whether they possessed any documents responsive to SEC requests 11 and 12 in the SEC's April 16, 2026 letter; and stated that the NuRide Defendants would search for and consider producing documents responsive to SEC requests 3, 4, 13, 14, 16, 17, and 18, and that certain documents may be easily retrieved.

32. On August 3, 2026, counsel for the NuRide Defendants told SEC counsel that the NuRide Defendants do not have documents responsive to SEC requests 11 and 12 in the SEC's April 16, 2026 letter, but that MSA Law does.

33. Also on August 3, 2026, counsel for the NuRide Defendants again stated that the NuRide Defendants would search for and consider producing documents responsive to SEC requests 3, 4, 13, 14, 16, 17, and 18, including financials through the date of the filing of the Complaint and an MSA Law retaining agreement.

34. On August 21, 2026, SEC counsel emailed counsel for the NuRide Defendants to schedule another meet-and-confer to discuss the status of the additional searches mentioned on July 27, 2026 and August 3, 2026. Counsel for the NuRide Defendants did not agree to meet and confer and did not provide information about the status of the additional searches.

35. Attached hereto are true and correct copies of the following documents or excerpts thereof:

| **Exhibit #** | **Document** |
|---|---|
| 1 | NuRide Defendants' First Set of Document Requests, dated November 21, 2025. |
| 2 | NuRide Defendants' First Set of Requests for Admission, dated November 21, 2025. |
| 3 | NuRide Defendants' First Set of Interrogatories, dated November 21, 2025. |
| 4 | Commission's Responses and Objections to NuRide Defendants' First Set of Document Requests, dated December 22, 2025. |
| 5 | SEC File Transfer System Tracking Data for the SEC's January 6, 2026 Production to Defendants. |

| Exhibit # | Document |
|---|---|
| 6 | SEC File Transfer System Tracking Data for the SEC's March 20, 2026 Production to Defendants – Email 1. |
| 7 | SEC File Transfer System Tracking Data for the SEC's March 20, 2026 Production to Defendants – Email 2. |
| 8 | SEC File Transfer System Tracking Data for the SEC's June 2, 2026 Production to Defendants – Email 1. |
| 9 | SEC File Transfer System Tracking Data for the SEC's June 2, 2026 Production to Defendants – Email 2. |
| 10 | SEC File Transfer System Tracking Data for the SEC's June 2, 2026 Production to Defendants – Email 3. |
| 11 | SEC June 2, 2026 Privilege Log. |
| 12 | *SEC v. Kik Interactive Inc.*, Text Order, No. 19-cv-5244 (AKH), ECF No. 36 (Nov. 12, 2019). |

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: New York, New York
October 1, 2026

s/ Chevon Walker
Chevon Walker