UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

NEW YORK
REGIONAL OFFICE

October 29, 2026

**By ECF**
Hon. Vernon S. Broderick
United States District Judge
Southern District of New York
40 Foley Square, Room 415
New York, NY 10007

SO ORDERED:

10/30/2026

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Hon. Robert W. Lehrburger
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Room 1960
New York, NY 10007

Re: *SEC v. Ahmed, et al.*, 23 Civ. 10210 (VSB) (RWL)

Dear Judge Broderick and Judge Lehrburger,

Pursuant to ECF Rule 21.7, Plaintiff Securities and Exchange Commission ("Commission") respectfully requests that the Court permanently seal certain previously filed exhibits that the Commission filed on October 14, 2026 in opposition to Defendants' motion for sanctions under Federal Rule of Civil Procedure 11 and permit the substitution of further-redacted versions of certain exhibits to protect the privacy of non-party investors and their family members. Defendants have not objected to this request.

Before filing these exhibits, the Commission redacted sensitive information concerning defendants' accounts, and non-party investors and their family members pursuant to Federal Rule of Civil Procedure 5.2 and Judge Broderick's Individual Rule 5.B.i. Upon further review, however, a limited number of additional items that the Commission inadvertently left unredacted have been identified. These include references to financial account numbers and a date of birth that should be redacted, as well as full names, a telephone number, and employment information of a non-party investor or family member that the Commission intended to redact to maintain their privacy, particularly because these documents include their financial information.

The presumption of public access must be balanced with other competing considerations. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d. Cir. 1995)). This includes privacy interests, particularly those of third parties, which "should weigh heavily in a court's balancing equation." *Amodeo*, 71 F.3d at 1050-51 (citation omitted). Matters "traditionally considered private," for example, financial records and family affairs, which have "no public ramifications, and similar matters

will weigh more heavily against access than conduct affecting a substantial portion of the public." *Id.* at 1051. "Privacy interests of third parties can justify maintaining documents under seal even where the presumption of public access attaches." *Suber v. VVP Services*, No. 20-cv-8177 (AJN), 2023 WL 48175515 at *5 (S.D.N.Y. July 27, 2023) (granting party's request for limited redactions to protect the privacy interests of third parties, including personal and financial information) (citation omitted). Here, the Commission seeks narrowly tailored redactions of information subject to Fed. R. Civ. P. 5.2 or the Southern District of New York's Privacy Policy,[1] and identifying information contained in documents describing third parties' financial conditions. *See Bernstein v. Bernstein*, 814 F.3d 132, 144 (2d Cir. 2016) ("the proponent of sealing must 'demonstrat[e] that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" (quoting *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)).

Courts in this District have retroactively sealed documents that were previously publicly available on ECF, as requested here. *See Cloney's Pharmacy, Inc. v. Wellpartner, Inc.*, No. 23-cv-10088 (MKV), 2024 WL 4349291, at *13 (S.D.N.Y. Sept. 30, 2024) (granting plaintiff's motion to seal documents filed in error and allowing redactions consistent with a prior sealing order); *Adeia Inc. v. DirecTV, LLC*, No. 26-cv-00238 (AT) (SDA), 2026 WL 2983596, at *4 (S.D.N.Y. Oct. 5, 2026) (finding that publication on "Lexis and Westlaw does not preclude the sealing of portions of [the court's] Order").

Accordingly, the Commission requests that the Court permanently seal the following ECF Document Nos., which were filed as exhibits to the October 14, 2026 Declaration of Chevon Walker (ECF No. 118): 120-12, 120-13, 120-19, 121, 121-6, 121-13, 121-15, 121-22, and 121-23. The Commission further requests that the attached further-redacted exhibits be substituted for the sealed ECF Document Nos.:

- Exhibit 38, replacing ECF No. 120-12;
- Exhibit 39, replacing ECF No. 120-13;
- Exhibit 45, replacing ECF No. 120-19;
- Exhibit 51, replacing ECF No. 121;
- Exhibit 57, replacing ECF No. 121-6;
- Exhibit 64, replacing ECF No. 121-13;
- Exhibit 66, replacing ECF No. 121-15;
- Exhibit 73, replacing ECF No. 121-22; and
- Exhibit 74, replacing ECF No. 121-23.

The Commission regrets these inadvertent omissions and any inconvenience they may have caused the Court.

---

[1] United States District Court for the Southern District of New York Notice Regarding Privacy and Public Access to Electronic Civil and Criminal Case Files, https://www.nysd.uscourts.gov/sites/default/files/pdf/egovtact042005.pdf.

Respectfully submitted,

s/ Chevon Walker___________

Chevon Walker
Counsel for Plaintiff
Securities and Exchange Commission
(212) 336-0090
WalkerCh@sec.gov

cc: All counsel of record (by ECF).

Enclosures